ADMINISTRATOR OF JEDEDIAH BULLOCK v. JARED ROGERS.

When one dies in this state, having his domicile here, his property in possession,—and in action, when the debtors reside here,—vests in the administrator, whenever appointed, by relation from the time of the decease.

But the administrator here has no control over *choses in action,* when the debtors reside out of the state.

But papers, which are the evidences of such *choses,* are considered things in possession ; and the administrator may maintain trover for them, although carried by a stranger into another state subsequent to the decease of the intestate, and there converted by the defendant, and no evidence given of any other conversion.

TROVER for a bond. It appeared that the intestate died in the district of Fairhaven, and that the bond in question was in his possession at the time of his decease. Soon after that, the plaintiff, who was the father of the deceased, delivered the bond to the defendant, at Hampton, in the State of New York. The plaintiff subsequently, having been appointed administrator on the estate of the deceased by the probate court for the district of Fairhaven, demanded the bond of the defendant at said Hampton, and the defendant refused to deliver it to him. There was no other evidence of any conversion by the defendant.

The counsel for the defendant requested the court to charge the jury that the plaintiff was not entitled to recover, unless upon evidence of a conversion of the bond in this state; but the court directed a verdict to be returned for the plaintiff, for the value of the bond. Exceptions by the defendant.

*A. Warner* and *R. Pierpoint* for defendant.

The defendant contends that an administrator, appointed in this state, cannot, as such, have any interest in, or control over, property of his intestate in another state. *Adm'r of Dodge* v. *Wetmore,* Brayt. 92. *Lee* v. *Havens,* Ib. 93, and cases there cited.

The instrument, for which this action is brought, was in the state of New York at the time administration was granted to the plaintiff, and was subject to the laws and jurisdiction of that state; and the

Adm'r of Bullock *v.* Rogers.

neglect of the defendant to deliver it to the plaintiff on demand does not amount to a conversion, as the defendant, at that place, was as well entitled to the possession of it as was the plaintiff.

If the defendant had taken the instrument, and retained it to his own use, previous to the granting of administration, and had refused to deliver it to the administrator on demand, after the granting of letters, (the parties and property being all the time in this state,) the administrator could not have maintained trover for it; he must resort to the remedy given by statute. Rev. St. 265, § 10. Slade's St. 347, § 68.

*Wm. C. Kittredge* for plaintiff.

1. The property in question having been left in this state by the intestate, at the time of his decease, it vested in the plaintiff, by relation and legal construction, from the time of the intestate's death. 1 Chit. Pl. 139. 7 T. R. 13. 2 Saund. R. 47 *k.* 6 Mod. 181. Tol. Ex'rs *passim.*

2. A foreign administrator cannot claim any effects of his intestate, that were not within the jurisdiction conferring his authority at his intestate's death. *Goodwin* v. *Jones,* 3 Mass. 518.

3. The granting of a foreign administration cannot divest an administrator appointed here of any rights already vested in him; nor can such foreign administrator claim any interest in the goods of his intestate, which are subject to administration here. 3 Mass. 520.

4. The plaintiff was authorized to demand the property in question of the defendant in the state of New York,—as that act was no interference with any right of administration, or of creditors, in that state.

The opinion of the court was delivered by

REDFIELD, J. There is doubtless some conflict in the decisions of the different states, as to the precise extent of the authority of a foreign administrator. I infer that the release by the principal administrator of *choses in action* due abroad is good every where, according to the decisions of some of the states. 4 Mason 16—33. 7 John. Ch. R. 35. 2 Kent's Com. 432 and note. It would seem from this note of the chancellor, and from Prof. Greenleaf's cases overruled—that both those distinguished jurists consider the case of

*Stevens* v. *Gaylord*, 11 Mass. 256, as sustaining the same principle,—that is, that the release of a foreign administrator is good every where;—for this case, with some others, is, by these gentlemen, cited as opposed to the case of *Vaughn* v. *Barrett*, 5 Vt. 333. But I do not understand the cases as conflicting with each other. They both, in effect, decide that the debt is to be controlled by the administrator of the place of the residence of the debtor. And that is the settled law of this state, at the present time. It may be, and probably is, otherwise in Massachusetts. I only say the case cited does not justify any such conclusion.

But the present case does not involve any inquiry, necessarily, into that principle. The granting of administration to the plaintiff gave him title to all personal property in possession of the deceased in this state, at the time of his decease. This bond was so in his possession. As a mere contract on paper, it was the same as any other chattel. This suit is for the conversion of the thing in *possession*, and not of the thing in *action*,—for that is incapable of conversion. The defendant, then, by the conversion in New York was guilty of a conversion every where, where property could be shown to the thing converted. This could only be done in Vermont, for there the property was at the time of the decease, and it could not be transferred by any act, either of a stranger, or of the administrator in this state, to any foreign administration. When one deceases in this state, or dies leaving property in this state, the personal property in possession vests in his administrator, whenever appointed, by relation, from the time of the decease, and so of choses in action, when the debtor resides here. This written contract is property in possession, and belongs to the administrator appointed here; but the *debt*, being due in another state, belongs to the foreign administrator. This action could only have been properly sustained here, this being an action for the paper and not for the *debt*.

Judgment affirmed.