### AURELIA TAYLOR *v.* CHARLES PHILLIPS.

*Settlement of estates of deceased persons.*

If one, indebted to the estate of a deceased person, settle his indebtedness with the heirs, and by their consent give his note for it to the person who is primarily entitled to administer upon the estate, and an action is brought upon such note in favor of the payee against the maker, the latter cannot defend the action on the ground that the payee has not been appointed administrator, unless he can show that he has been called upon by the administrator to pay his debt to him, or that the condition of the estate is such as justifies a reasonable apprehension that such settlement will be called in question.

But if the payee of the note has, after such settlement, been appointed administrator, and has ratified such settlement, the maker of the note cannot defend an action thereon on the ground that the payee was not appointed administrator until after the commencement of the action.

It is competent for all the heirs of a deceased person, if they are of age, to settle and pay the debts of the estate, and divide the property among themselves without the intervention of an administrator, and neither the creditors or debtors of the estate have a right to complain.

ASSUMPSIT upon a promissory note for one hundred dollars, signed by the defendant, and payable to the plaintiff on demand. Plea, the general issue, and trial by jury, at the March Term, 1857,— KITTREDGE, J., presiding.

The following facts appeared on trial:

Samuel Taylor, the husband of the plaintiff, died a short time before the note was given, having notes and an account against the defendant, and the defendant had a note and an account also against Taylor. After Taylor's death, two sons of the plaintiff, acting in her behalf, made a settlement with the defendant, and received from him, for the balance found due upon such settlement, the note in question. It appeared that no letters of administration on Samuel Taylor's estate, were taken out until after the commencement of this suit; but a few days before the trial of this case, letters of administration thereon were granted to the present plaintiff, who, as such administratrix, assented to and approved of said settlement. At the time the note was given and at the time of trial, there were valid claims against the estate remaining unpaid. The notes originally held by Samuel Taylor against the

defendant had not been destroyed or in any way mutilated, and they were produced by the defendant upon the trial. Evidence was introduced by the defendant tending to show that he offered to give them back, and claimed an exchange of papers the next morning after the settlement. Testimony was introduced by the plaintiff, tending to show that no such offer was made.

It was conceded that the note was given solely for the indebtedness of the defendant to the estate.

The defendant requested the court to charge the jury that the giving of the note before the appointment of an administratrix would not discharge his indebtedness to the estate, and therefore was without consideration; that it was invalid in its inception, and not having been ratified by a proper representative of the estate of the said Samuel Taylor before the bringing of the suit, the suit could not be sustained; that no subsequent ratification by the plaintiff, after her appointment as administratrix and after the commencement of the suit, would give her any better right than she had when the suit was commenced.

The court declined so to charge, but charged that if the plaintiff, after taking out letters of administration, assented to and ratified the transaction upon which the note was given, that *that* would render it valid if void before, and enable her to recover in the present suit. To this charge the defendant excepted, and the jury returned a verdict for the plaintiff.

*Charles L. Williams*, for the defendant.

The plaintiff in every case must, to entitle him to a recovery, have a sufficient cause of action at the time of commencing his suit. This the present plaintiff did not have.

There was at that time no consideration whatever for the note, which was the only cause of action relied on or given in evidence.

The only consideration pretended was the balance which was ascertained or agreed upon between the defendant and the sons of the plaintiff as due from the defendant to the estate of Samuel Taylor. This indebtedness was not discharged; the defendant still remained liable for it to whomever might become the said Samuel's administrator. To a recovery in their favor, the giving of this note would be no bar.

---

Taylor *v.* Phillips.

---

The defendant's only way of avoiding his liability to twice pay the amount of that indebtedness (to the extent of the amount due on this note) was by resisting a recovery upon the note.

The subsequent ratification of that settlement by an administratrix, afterwards appointed, might make it valid as an account stated, and perhaps as a note after that time, but it could not have such a retroactive effect as to give to the present plaintiff a right of action and recovery, which she did not have when she commenced her suit, and for several terms of the court thereafter.

*D. E. Nicholson,* for the plaintiff.

The plaintiff submits that it is not in the mouth of the defendant to impeach the note, on the ground that the plaintiff exceeded her power in assuming to make the negotiation resulting in the giving said note. If the contract could be avoided at all, it could not be at the instance of the defendant.

The verdict has cured all that the exceptions assail, except what goes to the disabilities of the parties to the transaction, and if there was a lack of formality in the inception of the business, the difficulty was all obviated by letters of administration, granted seasonably and before trial, and a full ratification of all that had been done in the premises.

It does not appear how the creditors of Samuel Taylor's estate are in any way injured by this suit or judgment.

The opinion of the court was delivered by

POLAND, J.    The verdict in this case has established that the defendant was really indebted to the estate of Samuel Taylor on note and account, in the sum of one hundred dollars, and that the note in suit was given for said indebtedness upon a settlement made between the defendant and two sons of Taylor, who acted, as the exceptions say, on behalf of their mother, the widow of Mr. Taylor.    At the time of the settlement and giving of the note, the demands of the estate against the defendant were surrendered to him.    At this time no administration had been granted upon the estate of Taylor, and neither the plaintiff or her sons had any other authority to make the settlement with the defendant than their interest in the estate.

The defendant claims that the note was invalid for want of a legal consideration, but we think there is no ground to allege that, for his debts to the estate furnished a legal and adequate consideration. But the defendant insists that, notwithstanding the settlement with the plaintiff and her sons, and the surrender of his former debt to him, still he might be called upon by an administrator, thereafter appointed on the estate of Taylor, to pay the debt to the estate, and that he could not protect himself against such suit under the settlement, even if he paid the note, and that therefore he ought not to be compelled to pay it.

It does not appear from the case that any fraud was practiced on the defendant, that he was in any way misled or deceived as to the interest or the authority the plaintiff or her sons had to make the settlement with him, nor that he was ignorant of the condition of the estate, and that no administrator had been appointed. From what is stated in the exceptions it would seem, that the plaintiff and her sons intended to settle up and close the affairs of the estate without the expense of an administration thereon, though this is not, in terms, stated to be so. It does not appear that there were any other persons interested in the estate of Taylor, as heirs or distributees, except the plaintiff and her two sons, and the plaintiff was primarily entitled to administer on the estate, if administration was granted. The exceptions state that there were creditors of the estate of Taylor, and they were entitled to call for administration if the plaintiff did not, and they doubtless would have done so if their debts were not in some way provided for. What the amount of the debts were is not stated, nor whether the estate of Taylor was sufficient to satisfy them without reference to the debt of the defendant. When all the heirs to an estate are of age and legally competent to act, if they choose to settle up the estate and pay off the debts and divide the property among themselves without the intervention and expense of an administration, they have the legal power to do so, and neither the creditors, or debtors of the estate, have a right to complain. It does not appear from the case that any person interested in the estate of Taylor, either as heir, creditor, or otherwise, ever objected to this settlement with the defendant, or that he ever had the slightest reason in fact, to fear that this settlement would be called in question, or he be

called upon to pay the demands which had been surrendered to him. His alarm seems to have been wholly artificial and created for the purpose of forming a defense to this note. Had the defendant been called upon by an administrator, or even if the condition of the estate had been shown to be such as to raise a reasonable apprehension of danger, the case would have merited a different consideration.

The fact that this settlement was made and the note taken to the person entitled to administration, and concurred in by all those who are shown to have been interested in the estate, except creditors, places the case in quite a different light from what it would have stood in if the settlement had been made by a mere stranger having no interest in the estate. But if any doubt existed before, we think that the subsequent appointment of the plaintiff to administer on the estate, which appointment had, by law, legal relation back to the death of the intestate, and her ratification and assent to the settlement, removing all shadow of apprehension which the defendant could have felt, removes also all ground of defense. And this we regard, not as creating a valid debt where none existed when the suit was brought, but as ratifying the note from the time when given. Nor did the defendant's fear, in our estimation, ever furnish a defense, unless shown to be substantially founded in fact.

The judgment of the county court is affirmed.