WILLIAM H. MARTIN vs. HANNO W. GAGE.

Essex.    April 3, 1888. — June 19, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Administrator — Ancillary Administration — Jurisdiction — Appeal —
" Person aggrieved " — Assets — Sale.*

An administrator, appointed in another State, on the estate of a person there resi-
dent and deceased, may appeal from a decree of the Probate Court appointing
an administrator here.

A sale by such foreign administrator, without taking out ancillary administration,
of a yacht, the only property belonging to the estate here, which he takes pos-
session of here, but which, when the intestate died, was in the other State, is
valid, and leaves no assets to be administered upon in this Commonwealth.

APPEAL, by Hanno W. Gage, from a decree of the Probate.
Court, made on April 19, 1886, appointing William H. Martin as
administrator of the estate of his wife, Isabella H. Martin.    The
appellant filed, among other reasons of appeal, the following:
" That there were no goods, effects, estate, or debts to or by the
said Isabella H. Martin, in this Commonwealth, at the time of
the appointment of the said William H. Martin as administrator
of said estate, and that the Probate Court had no jurisdiction
over the subject matter at the time of the said appointment."

Hearing before *Gardner*, J., who overruled a motion to dis-
miss the appeal because the appellant, as appeared by his reasons
of appeal, was not aggrieved by the decree of the Probate Court,
and found the following facts.

Isabella H. Martin, who resided. at Portland in the State of
Maine, died there on July 18, 1885.    Gage was duly appointed
administrator of her estate by the courts of that State, on Sep-
tember 15, 1885, upon the petition of her husband.    The intes-
tate owned a yacht, which her husband during the summer of
1885 brought from Portland to Salem, and left in charge of a
wharfinger for the winter. ·  Prior to April 19, 1886, Gage, hav-
ing been duly licensed to sell the personal estate, took possession
of the yacht at Salem, and made an agreement to sell her,
and delivered her to the purchaser, subsequently, upon payment
of the price, giving a bill of sale to him.    Martin, after his

appointment as administrator, attempted to sell the yacht to another person.

The judge refused to rule, as requested by the appellee, that the appellant was not a person aggrieved within the statute, and that this appeal would not lie, and ruled that, at the time of the appointment of Martin as administrator, there were no goods or estate of the intestate in this Commonwealth to be administered upon, and that the Probate Court had no jurisdiction in the premises; and ordered the decree of the Probate Court to be reversed. The appellee alleged exceptions.

*V. J. Loring,* ( *C. F. Loring* with him,) for the appellee.

*J. G. Abbott,* ( *C. G. Saunders* with him,) for the appellant.

W. ALLEN, J. The appellant is the administrator, appointed by the courts of the State of Maine, of the estate of Isabella H. Martin, who was a resident of that State, and who died there. He appeals from the decree of the Probate Court of Essex County in this Commonwealth, appointing the appellee administrator of the estate of Mrs. Martin. The principal administration is in the State of Maine, and administration granted in this Commonwealth must be ancillary to that. The domiciliary administrator, representing the general estate, has an interest in ancillary administrations, and can appeal from the appointment of an administrator in this Commonwealth. *Smith* v. *Sherman,* 4 Cush. 408. The appellee's motion that the appeal should be dismissed, for the reason that the appellant was not a party aggrieved by the decree, was properly overruled.

The only reason of appeal which there is occasion to consider is, that there were no assets of the intestate in this Commonwealth. The intestate owned a yacht which was in the State of Maine at the time of her decease, but was brought into this Commonwealth by the appellee before the appointment of the appellant as administrator. After the appointment of the appellant, he came into this Commonwealth, took possession of the yacht, and sold it, before the appellee was appointed administrator by the decree which is appealed from. Except the yacht, there never were any assets of the estate in this Commonwealth. We think that there was no estate of the decedent to be administered upon in this Commonwealth. The yacht was in Maine at the time of her decease, and the appointment of the

appellant related back and gave him a title and right of possession to it from that time, which will be recognized and enforced in other jurisdictions. *Bullock* v. *Rogers*, 16 Vt. 294. *Valentine* v. *Jackson*, 9 Wend. 302. *Holcomb* v. *Phelps*, 16 Conn. 127.

Even if the property had never been in the State of Maine, it seems that the taking possession and sale of it here, by the appellant, would have been valid, there being no creditors of the intestate here. *Hutchins* v. *State Bank*, 12 Met. 421. *Luce* v. *Manchester & Lawrence Railroad*, 63 N. H. 588. *Petersen* v. *Chemical Bank*, 32 N. Y. 1. *Trecothick* v. *Austin*, 4 Mason, 16. *Doolittle* v. *Lewis*, 7 Johns. Ch. 45.

It is contended in behalf of the appellee, that where chattels of a person are at his decease in the hands of his bailee, in another State from that of his domicil, the administrator of the place of domicil cannot sell them in the other place without taking possession, and cannot take possession without the consent of the bailee. We need not consider this proposition, because it does not apply to the case at bar. It appears that the property was in the place of the intestate's domicil at the time of her decease, and it does not appear that it was in the hands of her bailee. *Exceptions overruled.*