JABEZ SAWYER, administrator, vs. EZRA T. SEAVER
& another.

Middlesex.    May 22, 1896. — June 16, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Equity — Public Administrator — Judgment — Set-off — Action.*

A., as administrator in another State of B., sold to C., who resided in this Common-
    wealth, merchandise of the estate, and brought suit here against C., and recov-
    ered judgment, C. contending that, by an agreement between B. and himself, B.
    had agreed to sell the merchandise to him, C., and that he had advanced B. in
    payment therefor an amount exceeding the amount of the judgment, and also
    that he had the right to set off the amount of such advances against A.'s claim.
    The estate of B. in the other State was insolvent, C. was barred by the laws
    of that State from participating in the distribution of B.'s assets there, and
    there were no assets of B.'s estate in this Commonwealth. D., as public admin-
    istrator in this Commonwealth of B., brought a bill in equity against A. and C.
    to restrain A. from collecting his judgment, and to compel C. to pay the amount
    thereof to the plaintiff. *Held*, that there was no equity for a set-off, and that
    the bill could not be maintained.

BILL IN EQUITY, filed March 5, 1895, by the plaintiff, as pub-
lic administrator of the estate of George P. Hardy, late of Troy,
Vermont, against Ezra T. Seaver, of Troy, administrator of the
estate of Hardy in Vermont, and Harold Weston, of Waltham
in this Commonwealth, to restrain Seaver from collecting a
judgment obtained by him against Weston in this Common-
wealth, and to order Weston to pay the amount thereof to
the plaintiff. Hearing in the Superior Court, before *Hammond*,
J., who reserved the case on the bill, answer, replication, and
agreed facts for the determination of this court, in substance as
follows.

Seaver, as administrator of the estate of Hardy, who died
in 1889, sold to Weston a large amount of lumber belonging to
the estate, and brought suit in his own name in this Common-
wealth against Weston, and recovered judgment for $2,259.27
and costs. On January 15, 1895, the plaintiff was appointed in
this Commonwealth public administrator of the estate of Hardy,
who at the time of his death was owing Weston more than

$2,500 for cash advanced in payment of the lumber agreed to be furnished by Hardy. This amount and interest have never been paid, and there is in this Commonwealth no property except the sum upon which judgment has been recovered with which to pay the debt due Weston. The estate of Hardy was rendered insolvent in Vermont; and the amount due on the judgment is claimed by Sawyer as assets belonging to the estate of Hardy, to be applied by him in payment of the creditors of Hardy who are citizens of this Commonwealth, according to the provisions of Pub. Sts. c. 138.

At the time of Hardy's decease the lumber which was in his mill yard in Troy, and the greater part of which was ready for shipment to Weston under contract, constituted a considerable part of Hardy's estate, and was inventoried as belonging thereto according to the laws of Vermont. Seaver, as administrator, at once took possession of the lumber, proceeded to complete the manufacture thereof, and sold the same to Weston, who subsequently to its delivery refused to pay Seaver in full for the same, contending that an agreement existed between Hardy and himself at the time of Hardy's death, whereby Hardy had agreed to sell the lumber to him (Weston), and that he had advanced to Hardy in payment for the same an amount exceeding $2,500, as stated above. Weston also claimed the right to set off the amount of such advances against the amount of Seaver's claim. Thereupon Seaver instituted in this Commonwealth the action mentioned above, and reported, 163 Mass. 202.

All the creditors of Hardy's estate are residents of Vermont except Weston. There are no assets of the estate in this Commonwealth, unless the amount due from Weston be assets; and the assets in Vermont have so far been administered upon that Weston is precluded by the laws of Vermont from participating in their distribution, Weston having no notice of the insolvency of Hardy's estate until he was barred by the statute of limitations from proving his claim. Seaver has rendered no account as administrator of Hardy's estate, and has delayed the settlement thereof to await the determination of this suit.

C. P. Weston, for the plaintiff.

J. C. Burke & W. S. Marshall, (J. F. Corbett with them,) for the defendant.

HOLMES, J.   It already has been decided that the debt due to the defendant Weston cannot be set off against the debt due from him to the defendant Seaver.   *Seaver* v. *Weston,* 163 Mass. 202.   It also is clear, from the same case and others, that the latter debt must be accounted for in Vermont.   *Martin* v. *Gage,* 147 Mass. 204, 205.   See Woerner, Adm. § 162.   It may be assumed that if, by reason of the necessity which Seaver was under of suing in this Commonwealth to collect his debt, this State should see fit to seize the proceeds of the suit and apply them in the first instance to the payment of Massachusetts creditors, proof of the compulsory surrender would be a sufficient accounting in another jurisdiction to protect the administrator.   But the facts do not seem to us to warrant such a seizure.   We do not perceive why in this instance equity should carry set-off further than it is carried by the common law.   The set-off would reach the whole debt, whereas, if it is brought into an account, the executor may be allowed what he personally has contributed to make the goods salable.   In *Martin* v. *Gage, ubi supra,* it was decided that a removal of assets from another State into this State, and a sale of them here, did not make the debt Massachusetts assets, although a removal of a debtor of the testator after the testator's death into this State might have a different effect. *Pinney* v. *McGregory,* 102 Mass. 186.   If the necessity of collecting the debt by suit ever would make a difference, we do not think that the debtor can be allowed, by his refusal to pay, to acquire rights which but for his refusal would not exist.   See further *Aiken* v. *Bridgman,* 37 Vt. 249.

*Bill dismissed.*