# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF UTAH.

---

## JOHN KIRWIN, RESPONDENT, v. THOMAS FARR, ROXANA PIDCOCK, ET AL., APPELLANTS.

### DEEDS—CONSTRUCTION—RESERVATIONS—ESTOPPEL.

F., just before her death, deeded her property to her eight children, subject to the right of one (an invalid and widow) to occupy the home until she died or married. Plaintiff, under a mortgage foreclosure, succeeded to the rights of one of the children, and brought action to have the property partitioned, and his share set apart to him. Plaintiff was aware of the conditions of the deed conveying the property in question to his grantor. *Held*, that in such a case the intent of the parties is to be ascertained from the deed, and as the intent here is not inconsistent with any rule of law, and as by accepting the deed the grantees, and those claiming under them, are precluded from making objection to any part of the deed, on the principle that no man can claim under a deed without confirming the instrument under which he claims, it was error in the trial court to hold that the clause granting a use of the premises to one of the children as long as she lived,

or until she married, was a limitation upon the estate granted, and that the title to that which was excepted was reserved in the grantor.

(No. 928.    Decided June 15, 1898.)

Appeal from district court Weber county; H. H. Rolapp, *Judge.*

Action by John Kirwin against Roxana Pidcock and others for partition. A demurrer to the answer was sustained, and defendants appeal. *Reversed.*

*Evans & Rogers,* and *A. G. Horn,* for appellants.

*Maginnis & Halverson,* for respondent.

The full construction of this deed, it seems to us, is not to make a present conveyance of a right to a home to Roxana Pidcock, but rather to save out of the terms of the deed an interest measured by the duration of life or the widowhood of Roxana Pidcock. Had the reservation been in terms to the grantor, or apparently for her benefit, it would doubtless be good as a reservation. A reservation to a stranger is void. Tiedeman on Real Pro. Sec. 843.  *Corning* v. *Iron Works,* 40 N. Y. 209 ; *Bridger* v. *Pearson,* 45 N. Y. 601 ; *Hall* v. *Hall,* 5 So. Rept. 523; *Logan* v. *Caldwell,* 23 Mo. 373 ; *Herbert* v. *Pue,* 20 Atl. Rept. 182 ; *Ives* v. *Van Auken,* 34 Barb. 566.

But it is said that Roxana Pidcock is not a stranger to the deed. We think that for the purposes of this question she is a stranger. *Logan* v. *Caldwell,* 23 Mo. 373 ; *Herbert* v. *Pue,* 20 Atl 182.

MINER, J.:

The complaint alleges, in substance, that one Sarah Giles Farr on February 23, 1892, being the owner of cer-

tain real estate in Ogden, executed a warranty deed conveying the property to her sons and daughters in fee. Afterwards Sarah Giles Farr died, leaving the grantees in said deed as her heirs at law. One of them, named Joseph Farr, mortgaged his interest to the plaintiff after his mother's death, and plaintiff foreclosed said mortgage, and is now the owner of said undivided one-eighth interest in said property. This action was brought for a partition of the premises, and all the various interests were set out in the complaint, wherein it was alleged that Roxana Pidcock claimed, in addition to a one-eighth interest, a right to a home during her life or widowhood, but alleged that such deed did not convey to her any such right. Defendants, including Roxana Pidcock, answered, denying the possession or right of possession of the premises in the plaintiff, or any one except Roxana Pidcock. Further answering, defendants allege that in February, 1892, Sarah Giles Farr (who was the mother of each of the defendants and one Joseph Farr) was the owner and in possession of the property described in plaintiff's complaint, and that her daughter Roxana Pidcock was at that time, and had been long prior thereto, an invalid, and unable to do any work for herself or to support herself, and who at that time had, and now has, two children dependent upon her for support; that, owing to the unfortunate condition of her said daughter, the said Sarah Giles Farr, becoming aged, and desiring to settle her financial affairs before her death, made, executed, and delivered a warranty deed to each of the defendants, her sons and daughters, and likewise to her son Joseph Farr, which said deed contained and express provision therein that said Roxana Pidcock should during her life, and until she shall become married, have and occupy said premises as a home; that Sarah Giles Farr died in February, 1892; that Roxana Pidcock was, and

still remains, unmarried, was a widow and an invalid, and, under the stipulations and conditions of the said deed, has, ever since the execution thereof, occupied the said premises, as of right, as her home, under the provisions, spirit, and intent of said deed; that she had no other home; that defendant Joseph Farr, the grantor of plaintiff, knew at the time of the execution of said deed, and understood and agreed by accepting the same, that Roxana Pidcock should use said premises and house thereon as her home during her lifetime or widowhood; and that plaintiff, at the time he obtained his mortgage upon the property, knew of said deed, and the interest of the said Roxana Pidcock in said property, by the record thereof. The plaintiff filed a demurrer to the answer on the ground that it did not state facts sufficient to constitute a defense to the action. The demurrer was sustained. The defendants declined to amend, and a decree was entered in favor of plaintiff, ordering a sale of the property. From this decree this appeal is taken.

The principal question arises upon the order sustaining the demurrer. All the parties to the action rely upon the conveyance from Sarah Giles Farr to her children for their title; and the question is, what is the effect of the express provision in the deed, as set out in the answer, that "Roxana Pidcock, one of the grantees, should during her life, or until she shall become married, have and occupy said premises as her home"? The deed was made direct to the grantor's eight children, including Roxana Pidcock. The respondent contends that Roxana Pidcock was a stranger to the deed, and that the clause referred to was a limitation upon the estate granted, and that the title to that which is excepted was reserved in the grantor. In *Bassett* v. *Budlong,* 77 Mich. 338, it is held that the proposition that the condition, reservation, or exception which re-

stricts a grant of a fee-simple absolute title to land, being repugnant to the granting part of the deed, is void, can only be true in those cases where the repugnancy is such that the intention of the parties cannot be ascertained from the whole instrument, or, if ascertained, cannot be carried into effect in accordance with established principles of law; "that every deed or contract is supposed to express the intention of the parties executing it, and, when the object or purpose of such instrument is called in question in a court of justice, the first inquiry is, what is the intention of the parties, as expressed therein? and it is the duty of the court to so construe said instrument as to carry out such intent, if no legal obstacle lies in the way." It is clear from the authorities that, in the construction of deeds and contracts, no arbitrary rule can be of complete service, when the only question to be determined is as to the intention of the parties. The most effective way to ascertain that intent, as said in section 835, Devl. Deeds, is "to place ourselves as near as possible in the seats which were occupied by the parties at the time the instrument was executed; then, taking it by its four corners, read it." When the intention of the parties to a deed or contract can be ascertained from it, such intention will prevail, unless in contravention of some rule of law; and, when such intention can be ascertained, arbitrary rules of law are not to be invoked, and will not control the construction of the instrument. The intention of the parties can be determined by considering together all of the provisions of the deed, and their situation and relation with reference to themselves and the instrument executed. In the case of *Maynard* v. *Maynard,* reported in 4 Edw. Ch. marg. p. 711, it appears that a father conveyed a farm to his son in fee, "excepting and reserving to my three daughters, H., E., and R., a right of living on the aforementioned premises

as heretofore, so long as they shall, respectively, remain single." In this case it appeared that, prior to and when the deed was executed, the daughters lived with their father, and were supported, with the rest of the family, on the farm; and they so remained with their brother, the grantee, until his death, and were still on the farm. In the partition suit then pending, the question was as to the extent of the right or estate therein; and it was held that the clause implied, not only their right of being upon the premises, but also subsistence,—the means of living, and a home. This position is sustained by a great weight of authority. 2 Devl. Deeds, §§ 835, 836; *Kimball* v. *Semple*, 25 Cal. 449; *Murphy* v. *Merritt*, 48 N. C. 37; *Erickson* v. *Iron Co.*, 50 Mich. 604; *Martin* v. *Cook*, (Mich.) 60 N. W. 679; *Keeler* v. *Wood*, 30 Vt. 241. From an examination of the record, it appears that Roxana Pidcock was a grantee named in the deed, with her seven brothers and sisters. She was therefore no stranger to the deed. Her mother made no reservation to herself, but conveyed the whole title to her children, as stated. Roxana Pidcock was not only made grantee in the deed, but in addition thereto she was, during her life, or until she should become married, to have and occupy the said premises as a home. The surrounding facts and circumstances set out in the answer and admitted by the demurrer show that the grantor and grantees were fully aware of the unfortunate condition of Roxana Pidcock; that, three days before her death, her mother, desiring to place her affairs in shape, made the deed in question, with the intention of all the parties thereto to provide a home for Roxana Pidcock during her life or widowhood, and the respondent was aware of such deed before he acquired his mortgage and accepted it. By accepting the deed, the grantees and those claiming under them were precluded

from making an objection to any part of the deed as being operative and void; the principle being that: "No man can claim under a deed or will without confirming the instrument under which he claims; for, when he claims under a deed, he must claim under the whole deed together; he cannot take under one clause, and ask the court to shut his eyes against the rest." *Maynard* v. *Maynard*, 4 Edw. Ch. marg. p. 716. Looking into the deed, it is plain that the intention of the grantor was to vest the title in her children, subject to the right of Roxana Pidcock to occupy the premises as a home during her life, or until she should marry. This construction denotes an intention that is not inconsistent with any rule of law, and is readily reconcilable with the rule that the intention of the parties is to be ascertained by considering all the provisions in the deed, as well as the situation of the parties, and then to give effect to such intention, if practicable, when not contrary to law. We are of the opinion that the court erred in sustaining the demurrer to the answer, and in awarding a decree against the defendants. The judgment, decree, and order of sale thereunder are vacated and set aside, and a new trial ordered. In case the court below shall, after rehearing, order a partition and sale of the property, the order should provide that such sale be made subject to the rights of Roxana Pidcock therein,—to have and occupy said premises as a home during her life, or until she shall become married.

ZANE, C. J., and BARTCH, J., concur.