## M. F. PERRY *v.* J. Q. SHUMWAY.

May Term, 1901.

Present: TAFT, C. J., ROWELL, TYLER, MUNSON, START and STAFFORD, JJ.

Opinion filed May 51, 1901.

*Consistent remedies—Extent against tax collector and remedy on bond*
—The issuing of an extent against a delinquent tax collector with-
out more does not bar the town from foreclosing chattel mort-
gages given by such collector to secure his official bond covering
the delinquency embraced in the extent. The remedies are con-
sistent.

*Doctrine of Hartland v. Hackett, 57 Vt. 92, overruled*—In *Hartland* v.
*Hackett,* 57 Vt. 92, the law of inconsistent remedies is miscon-
ceived and misapplied and the doctrine of that case is overruled.

TROVER. Plea the general issue with notice. Trial by
jury, Windham County, September Term, 1900, *Watson,* J.,
presiding. Verdict and judgment for the plaintiff. The de-
fendant excepted.

The plaintiff's evidence tended to show that the defendant
sold at auction sheep belonging to the plaintiff and that such
selling constituted the trover for which the action was brought.

The defendant's evidence tended to show that the plaintiff
was elected collector of taxes for the town of Stratton, received
the tax bill and collected some of the taxes; that extent pro-
ceedings were instituted against him; that he gave said town
a chattel mortgage on the sheep in question, conditioned for
his faithful performance of duty; that he did not perform his
duty and therefore the said town procured the defendant, a
deputy sheriff, to foreclose said chattel mortgage; that the sale
of said sheep by the defendant was under said foreclosure pro-
ceedings, in due form and according to law.

The material exception was to the refusal to charge noted
in the opinion.

*Clarke C. Fitts* for the plaintiff.

*Waterman & Martin* for the defendant.

Rowell, J.   The exception to the refusal to charge that the defendant was justified in selling the property on the mortgages as his testimony tended to show he did—the regularity of the sale not being controverted—raises the question of the effect of the extent proceedings, and that question is, Does the issuing of an extent against a delinquent town tax-collector without more, bar the town from foreclosing chattel mortgages given by such collector to secure his official bonds covering the delinquency embraced in the extent?   The trial court held that it did, on the strength of *Hartland* v. *Hackett*, 57 Vt. 92. There the collector was arrested on an extent and committed to jail, and had not been discharged with consent of the town nor by operation of law, but was out on bail, and it was held that the extent proceedings barred the town from maintaining an action previously commenced on the collector's official bond, for that the remedies were elective and not concurrent, a claim not made by counsel for the defence, who stood solely on the ground that the imprisonment operated in law as a satisfaction, a question that the court said it was not necessary to consider. That case has been three times referred to by this court unfavorably, namely, in *White* v. *White*, 68 Vt. 167, *Sheeran* v. *Sparhawk*, 68 Vt. 605, and in *Pawlet* v. *Kelley*, 69 Vt. 400, and we think it time that it be overruled, as not properly distinguishing between consistent and inconsistent remedies, and as misapplying the law of that subject to the case, the basal idea of that law being, that a man shall not be permitted to insist at different times upon the truth of each of two inconsistent claims or positions, according to the promptings of his private interest; as, to affirm and to disaffirm a contract, and the like.   But there is no inconsistency between the remedy of extent against a delinquent collector, and a remedy on his offi-

cial bond, for neither involves a repudiation of the other, but both are in affirmance of his contract to collect and pay over. It is not like suing in tort when that disaffirms a contract, nor like suing in assumpsit when that waives a tort. Whether a collector's property can be pursued when his body is held in execution on an extent is another question, and one not raised here, for this collector's body has never been taken in execution on the extent.

The three cases referred to aptly illustrate and correctly state and apply the doctrine of the election of remedies, and therefore an extended discussion of it here is unnecessary.

*Judgment reversed and cause remanded.*