# CASES ARGUED AND DETERMINED

## IN THE

# SUPREME COURT OF VERMONT.

---

JAMES BOCASH *v.* LUKE P. MARTIN AND HOWARD BRONSON.

October Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed January 7, 1916.

*Pleadings—Notice Under the General Issue— Duplicity—Chattel Mortgages—Foreclosure—Redemption—Who Entitled to Notice of the Sale, and Who May Object.*

P. S. 1499-1500, allowing special matter of defence to be pleaded by notice thereof under the general issue, dispenses with matters of form in respect of such notice, and only one notice is requisite to let in as many specified defences as may be relied upon.

Under P. S. 2635, only the mortgagor or person holding under him has the right to redeem mortgaged personal property after condition broken, and under P. S. 2637 only such persons are entitled to notice of the sale in foreclosing such mortgage, and so, as plaintiff was not the mortgagor, nor a person holding under the mortgagor, but only the purchaser of the property from one who had borrowed it and did not return it, plaintiff could not complain of want of notice of the sale nor object because of the failure of the officer to make the return prescribed by P. S. 2638.

TRESPASS and trover for taking a horse. Plea, the general issue with notice of special matter justifying under a chattel mortgage. Trial by jury at the March Term, 1915, Franklin County, *Fish,* J., presiding. Verdict directed for defendants, and judgment thereon. The plaintiff excepted. The opinion states the case.

*M. H. Alexander* for the defendants.

*C. G. Austin & Sons* for the plaintiff.

POWERS, J. This is an action of trespass and trover, wherein the defendants pleaded the general issue with a notice of special matter justifying under a chattel mortgage given by the defendant Bronson, as owner, which the defendant Martin, a deputy sheriff, foreclosed by statutory proceedings.

The plaintiff objected to the receipt of any and all evidence under the notice on the grounds that (1) the notice was double; and (2) that it did not set up a legal defence. This objection was overruled, such evidence was received, and the plaintiff excepted.

1. It is said that this notice is double, for that it sets up the fact that the defendant Bronson was, at the time the chattel mortgage was executed, and continued to be until the sale of the property thereunder, the owner of the horse in question; and the fact that the defendant Martin, acting as a public officer and by direction of the assignee of the mortgage, by proceedings in all respects regular, seized and sold the horse under the mortgage. And it is argued that here are two distinct and adequate defences, either of which, if established, afforded a complete justification. But duplicity in pleading is a fault of form, only—Gould, IV, 99, —and matters of form are dispensed with in a statutory notice. Vt. Dig. 2160, 181. Though separate defences must be set up in separate pleas, only one notice is required to let in as many special defences as may be relied upon. This is in accordance with long-settled views, and is wholly consistent with the language of the statute, which plainly contemplates one notice, and not a succession of notices.

2. In support of his claim that the notice does not show a full defence, the plaintiff relies upon these facts: it does not allege that written notice of the sale was given the plaintiff; and

it does not allege that the officer made and filed the return required by P. S. 2638.

The plaintiff was not entitled to such notice. He was not even entitled to redeem. P. S. 2637 specifies the persons who are entitled to notice of the sale, and P. S. 2635 specifies the persons who are entitled to redeem. Both of these sections limit the right to the "mortgagor or person holding under him." A thief may not redeem the stolen property; nor is he entitled to notice of its sale. One who buys of the thief is in no better situation. This plaintiff is not the mortgagor, nor is he a person holding under the mortgagor. The exceptions state that his evidence tended to show that he was the owner; but the transcript is referred to and made controlling; from it it appears that the only right which the plaintiff had to the horse in question was derived by purchase from one Wagner; and that the only right which the latter had to the horse was what he obtained when he borrowed her of the defendant Bronson. It thus appears that the plaintiff had no title at all as against Bronson or his mortgagee. He was in possession, but that possession was wrongful against them. Since he was not entitled to redeem, the actions of the officer in the foreclosure proceedings were matters in which he had no legal interest. The seizure of the property was rightful, and Martin's subsequent omissions, if any, do not concern the plaintiff, and give rise to no rights in his behalf.

It does not appear that any question of variance was made below, and the one here raised is not of sufficient consequence to require consideration. P. S. 1986.

*Judgment affirmed.*