FIRESTONE TIRE & RUBBER COMPANY *v.* ELIZABETH K. HART & TRUSTEE.

Special Term at Rutland, November, 1931.

Present: POWERS, C. J., SLACK, MOULTON, THOMPSON, and GRAHAM, JJ.

Opinion filed January 6, 1932.

*Novak, Bloomer & Spero* for the defendant.

*Webber & Leamy* for the plaintiff.

POWERS, C. J.   William and Harry Keenan, doing business as Keenan Bros., were in the garage and automobile accessory business in the town of Rutland.   On March 2, 1928, they executed to their mother, Elizabeth K. Hart, wife of Tyler G. Hart, a mortgage on their tools, machinery, office equipment, and stock in trade to secure their note for $9,000 of that date.   On or about August 20, 1929, a foreclosure of this mortgage was commenced, and a deputy sheriff took possession of the property covered.   In the meantime, the business had gone on, and by November 15 of that year, Keenan Bros. had become indebted to the plaintiff to an amount approximately $10,000.   On the last-named date, a written agreement, hereinafter called the contract, was entered into between the plaintiff, on the one side, and William Keenan, John Keenan, Mrs. Hart, and Mr. Hart, on the other, by the terms of which William was to take over and carry on the business under the management of John.   Mrs. Hart was to discontinue the foreclosure proceedings and assign her note and mortgage to the plaintiff, who was to hold the same as security for its debt against Keenan Bros., and those which might accrue against William.   Keenan Bros. were to

assign their accounts receivable to the plaintiff for collection, and were to make certain monthly cash payments on the old debt; and in case of default in such payments, the entire debt was to become due. Mr. and Mrs. Hart were to pay the balance of the old debt, if any, after the collections and the avails of the chattel mortgage, when foreclosed, and other proper credits had been applied thereon. The plaintiff collected and applied about $2,390 on the old debt, and, default having been made in the cash payments, it foreclosed the chattel mortgage and applied the net proceeds on its debt. Tyler Hart died before this foreclosure commenced, and Elizabeth is his administratrix.

This suit was brought against Elizabeth a joint promissor with her deceased husband, to collect the unpaid balance of the Keenan Bros. debt. The trial below resulted in a judgment for the plaintiff, on facts found by the court, and the defendant excepted.

Though many exceptions were saved by the defendant, the real merits of this case depend upon (1) the legality of the foreclosure of the chattel mortgage, and (2) the sufficiency of the compliance with the terms of section 10 of the contract regarding notice of default.

The return of the officer who handled the foreclosure does not show a compliance with No. 81, Acts of 1919, § 2, in that it does not aver notice to the mortgagors. The defendant insists that she cannot be charged except on a showing of a legal foreclosure, insisting that she stands as a gratuitous surety.

Mrs. Hart was not, after her assignment of the mortgage, a party to it in a legal sense, and the contract aside, would not be entitled to redeem it.

Ordinarily, one so situated is not in a position to question the legality of the officer's proceedings. *Bocash* v. *Martin*, 90 Vt. 1, 3, 96 Atl. 332. But Mrs. Hart and her husband, by the terms of the contract, were entitled to notice of any default in the cash payments referred to, and upon receipt of such notice, they had the right to pay off the plaintiff, take over the property, and go on with the business. So, for the purposes of this discussion, we will assume that this option was equivalent to a right to redeem, and that a legal foreclosure was required to fix liability on the defendant.

So far as here brought in question, a chattel mortgage return stands like a return of process. Certainly, it is not to be

regarded as more sacred or conclusive. Resort may be had to cases discussing such returns to ascertain the rule applying to a case like this. Indeed, that is just what the defendant asks us to do. The rule to be deduced from those cases is not what the defendant claims it to be. While some courts hold otherwise, where, as here, the purpose is not to contradict the return, but to prove a fact consistent with it, which would promote justice between the parties, and no injustice to anyone else, parol evidence is admissible. *Bentley* v. *White,* 54 Vt. 564, 566. Then, too, the court could have allowed the officer to amend his return so that it would reflect the truth, *Desany* v. *Thorp,* 70 Vt. 31, 41, 39 Atl. 309, and then put it in evidence. So, had there been any error in admitting the parol evidence of notice to the mortgagors, it would have been entirely harmless.

▮▮ The defendant complains that legal notice of the default of the Keenans was never given to her husband or his estate, and that this was a condition precedent to her liability as a joint contractor. Such a notice was required. The findings do not show the date of Mrs. Hart's appointment as administratrix. All that appears in the findings is that "Elizabeth K. Hart is his administratrix." We cannot supply this date from the evidence. It is found that two written notices of default were seasonably sent to Mrs. Hart—one for herself and one for her husband's estate. In support of the judgment, we might well assume, the contrary not appearing, that Mrs. Hart was then administratrix. But, as the plaintiff is generous enough to meet the defendant on her own ground, and as the result is the same whichever way the record is taken, we consider the case as it is presented. The question, then, is, was this notice delivered to Mrs. Hart for the estate, a sufficient compliance with the requirement for notice to Hart or his estate? We think it was. By force of the statute, Mrs. Hart was entitled to the appointment as administratrix. G. L. 3231. When her appointment was made, it related back to the death of the intestate. *Bullock's Admr.* v. *Rogers,* 16 Vt. 294, 296; *Taylor* v. *Phillips,* 30 Vt. 238, 242. As administratrix, she took the estate, including this right under the contract, clothed with all the advantages and subject to all the disadvantages that had legally attached to it in the interim between the date of Hart's death and her appointment. She had during this interval of

time, received notice of the Keenans' default specifically intended for the estate; and when she was appointed, it became effective to bind the estate. The doctrine of *Taylor* v. *Phillips, supra,* is broad enough to cover a case like this.

■ ■ The defendant claims that the fact that a certain truck covered by the chattel mortgage was not sold by the officer invalidates the sale. But the legality of what the officer did was not affected by this omission. The court found that the truck was not "available" at the time of the sale, which, in support of the judgment, we take to mean that the officer could not locate it.

■ ■ By collecting money on the accounts after this suit was brought, the plaintiff did not as matter of law waive the Keenans' default. Such action on its part does not necessarily imply that the plaintiff intended thereby to waive the rights that accrued to it. The findings are not sufficient to show a waiver in fact. The plaintiff was not required to elect between its remedies. Its right to realize on the accounts turned over to it and its right to hold the defendant to her contract were not inconsistent. Its actions—both of them—affirmed the contract. It is like a creditor who has a surety. He may pursue the principal and the surety at the same time. *Town of Pawlet* v. *Kelley,* 69 Vt. 398, 400, 38 Atl. 92; *Perry* v. *Shumway,* 73 Vt. 191, 192, 50 Atl. 1069; *City of Montpelier* v. *National Surety Co.,* 97 Vt. 111, 123, 122 Atl. 484, 33 A. L. R. 489; *Hall* v. *Windsor Savings Bank,* 97 Vt. 125, 134, 121 Atl. 582. The defendant excepted to the refusal of the court to make the exhibits and transcript a part of the findings. This exception is based upon a failure to appreciate the difference between evidence and findings. It ought not to be necessary for us to say again that the findings of a court in a case like this would not and could not be supplemented or limited by a reference like the one asked for. *People's Nat. Bank* v. *Brunelle,* 101 Vt. 42, 45, 140 Atl. 160.

*Judgment affirmed.*