243 S.W.2d 956 (1951)
DAVIS et al.
v.
HAUSCHILD et al.
No. 42629.
Supreme Court of Missouri, Division No. 1.
December 10, 1951.
*957 Wm. J. Becker, Clayton, for appellants.
Frank Coffman, Edward H. Schwarzenbach, St. Louis, Frank W. Jenny, Union, for respondents.
CONKLING, Presiding Judge.
This court having jurisdiction of the appeal in this case because the amount here in dispute embraces also and must be determined by the $20,000 prayed in defendants' instant counterclaim, the case was transferred here by the St. Louis Court of Appeals. See Davis v. Hauschild, 238 S.W. 2d 920, 921.
That opinion makes the following statement of this case: "This is an action for a deficiency judgment, on a note after foreclosure of the deed of trust securing the note, brought by plaintiffs, Joseph R. Davis and Katherine V. Davis, the payees of said note, against the defendants, Lina Hauschild and Arthur Hauschild (husband and wife), makers of said note. The prayer of the petition was for judgment in the sum of four thousand eight hundred sixty-two dollars and eighty cents ($4,862.80), with interest thereon at the rate of five per cent per annum from March 6, 1943, together with costs. To said petition, defendants filed their answer and counterclaim.
"In defendants' counterclaim it was alleged that the execution of the note sued upon by plaintiffs was part of a transaction whereby defendants purchased of plaintiffs a tract of land in Franklin County, Missouri, which was improved by a gasoline filling station (and a restaurant). It was alleged that for said property defendants executed said note, which was for $10,000 and secured by a deed of trust (executed by defendants) on said filling station property, and conveyed to plaintiffs a tract of land in Morgan County consisting of one hundred five acres on which were certain improvements. Also as a part of the consideration for said purchase, defendants transferred to plaintiffs a note secured by *958 a deed of trust on a certain building, or flat, in the City of St. Louis. It was then averred that defendants were induced to enter into said trade by reason of false and fraudulent representations made by plaintiffs concerning the amount of business done at said filling station and at the restaurant which was operated in connection therewith. It was then alleged that the plaintiffs had secured possession of the filling station property under a foreclosure sale, and were still in possession of the Morgan County property, which had a value of $15,000, and of the deed of trust which was worth $5,000; that, as a result of the fraudulent acts of the plaintiffs, said plaintiffs were indebted to defendants in the sum of $20,000the total value of the Morgan County property and said deed of trust. The prayer of said counterclaim was for judgment against plaintiffs in the sum of $20,000, together with interest from September 10, 1942, and for their costs.
"The trial below resulted in a directed verdict in favor of the plaintiffs and against the defendants on plaintiffs' cause of action in the total sum of $6,425, and in favor of plaintiffs and against defendants on defendants' counterclaim. Judgment was entered accordingly, and from this judgment defendants have appealed.
"Appellants in their brief complain not only of the action of the trial court in directing a verdict against them on plaintiffs' cause of action, but also complain of the action of the court in holding, as a matter of law, that no recovery could be had on their counterclaim."
In a former action in Morgan County the instant defendant, Lina Hauschild, as sole plaintiff in such former action sued the instant plaintiffs, Joseph R. Davis and his wife Katherine V. Davis, who were defendants in the former suit, to cancel on the ground of fraudulent representations the deed which conveyed the above mentioned Morgan County land to Davis and wife, and to recover other consideration which passed to Davis simultaneously with the deed in that exchange of lands. In such former action the there defendants, Davis and wife (who are plaintiffs here), alleged in their counterclaim there filed that the payments on the installment note of $10,000 payable to Davis and wife, which was secured by deed of trust on the Franklin County property were defaulted; that that Franklin County property was purchased by Davis upon subsequent foreclosure of the deed of trust; that by the above deed of trust Hauschild and wife covenanted to keep the improvements thereon insured, but failed to do so; and that a portion of such improvements (the restaurant) was destroyed by fire to Davis' damage in the sum of $6,000. Upon the trial of such former case the trial court found against the there plaintiff, Lina Hauschild, and dismissed her petition, and also found against Davis and wife on their counterclaim. Upon appeal here, the judgment in such former Morgan County action was affirmed. See Hauschild v. Davis, Mo.Sup., 183 S.W.2d 66. (That case is sometimes hereinafter referred to as the Morgan County case.)
In the instant case Davis and wife filed their reply to the counterclaim of defendants and therein alleged that the subject matter of the defendants' instant counterclaim, i. e., the question of whether in the original exchange of properties Davis made "false and fraudulent representations * * * concerning the amount of business done at said filling station and at the restaurant," See 238 S.W.2d loc. cit. 921 (including identity of "subject matter of the suit, identity of cause of action and identity of the quality of persons") was fully adjudicated and decided adversely to defendants in the former Morgan County case.
Hauschild and wife, the instant defendants and appellants, do not contend upon this appeal that the record facts before us as to the deficiency upon the note in question do not support and warrant a judgment for such deficiency.
But defendant appellants do here now contend that Davis and wife "made their election before (by) filing their counterclaim" in the former Morgan County action, and by omitting from their counterclaim in such former action any claim for a deficiency judgment on the note. Defendants' *959 brief states: "* * * that under these circumstances the claim for deficiency asserted by the respondents in this case is barred on the theory of election of remedies which took place (by Davis and wife) in the Morgan County suit." Defendants' entire position here, and their sole contention in this case upon this is that by Davis' counterclaim in the Morgan County case, wherein Davis alleged he sustained damages of $6,000 because of breach of a covenant in the deed of trust in that Hauschild failed to keep the restaurant insured, Davis elected a remedy inconsistent with the deficiency judgment now sought. And that, under the principles of election of remedy, and because of the foregoing, Davis may not now have a judgment for the deficiency on the note. As to the defendants' further claim that the trial court erred in ruling defendants' instant counterclaim, defendants further argue that the former Morgan County action to cancel the deed "on the ground of fraudulent representations alleged to have been made by defendant (Davis) concerning the business done at the filling station," see, 183 S.W.2d loc. cit. 67, was but an attempt "to mitigate * * * damage by offering to rescind the sale"; and, that by attempting to do so they did "not exhaust his (their) right to pursue another remedy", and that the former Morgan County case was therefore not res adjudicata upon such issue of fraudulent representations.
We first consider defendants' contention that the instant plaintiffs, by their counterclaim in the Morgan County case elected a remedy inconsistent with their present cause of action, and, that because thereof, plaintiffs may not now have a judgment for the deficiency on the note.
Defendant relies upon and seeks to invoke the principle that where a party with knowledge of his rights, and without imposition or fraud upon the part of his adversary, carries his case to an adjudication upon the merits by a court having jurisdiction, that such action by such party is generally held a conclusive election, and an adverse judgment therein generally bars resort to an inconsistent remedy; for, if such party has two existing but inconsistent remedies, choosing one and pursuing it to conclusion precludes seeking to use the other. We have examined the many cases cited by defendant which appear to support the above. The difficulty lies not with the rule but in its application.
In the Morgan County case only the defendant Lina Hauschild was plaintiff. Her instant co-defendant and husband, Arthur Hauschild, was not a party to that action filed February 13, 1943. Before the restaurant on the Franklin County property burned, and before the foreclosure, Davis knew the insurance policy on that building had expired and had insisted to defendant that it be replaced. Davis knew that it was not replaced, had talked to an insurance agent about it and as equity owner could have replaced it himself but did not do so.
Assuming, without so ruling or agreeing, that Davis and wife under the above circumstances of their counterclaim in the Morgan County case pursued a substantial remedy (as distinguished from a supposed but nonexistent remedy) and prosecuted it to conclusion, yet, the principle as to election of remedies sought to be here invoked by defendants of necessity is predicated upon the assumption that Davis' Morgan County case counterclaim and Davis' instant action are inconsistent. The pursuit of one remedy precludes the pursuit of another only where such remedies are inconsistent. Newco Land Co. v. Martin, 358 Mo. 99, 213 S.W.2d 504, In re Franz' Estate, 344 Mo. 510, 127 S.W.2d 401(15), Pemberton v. Ladue Realty & Const. Co., 359 Mo. 907, 224 S.W.2d 383, Henderson Tire & Rubber Co. v. Gregory, 8 Cir., 16 F.2d 589, 593, 28 C.J.S., Election of Remedies, § 3, p. 1061. The basis of the rule sought to be invoked is that one may not have the aid of the courts upon two contradictory principles or theories based upon one and the same set of facts. 28 C.J.S., Election of Remedies, § 3, pp. 1061, 1062; Sunderlin v. Warner, 42 Idaho 479, 246 P. 1, 5. "The basic concept of the doctrine of election is that a party shall not be permitted to insist at different times upon the truth of two inconsistent and *960 repugnant positions, according to the promptings of his own interest, as to first affirm and later disaffirm a contract, or the like." Myers v. Ross, D.C., 10 F.Supp. 409, 411; United States Fidelity & G. Co. v. Fidelity Nat. Bank & T. Co., 232 Mo.App. 412, 109 S.W.2d 47; Perry v. Shumway, 73 Vt. 191, 50 A. 1069. Where the remedies open to a suitor are consistent, it is only the satisfaction of the claim which can operate as a bar. Only one satisfaction may be had. Smoot v. Judd, 184 Mo. 508, 83 S.W. 481; Marks v. Fields, 160 Fla. 789, 36 So.2d 612; 28 C.J.S., Election of Remedies, § 3, p. 1064.
Is the instant petition seeking a deficiency judgment in fact inconsistent with Davis' Morgan County case counterclaim which sought damages for a breach of a covenant of the deed of trust? We have concluded that it is not.
For such inconsistency to exist in fact the one must allege what the other denies, or the theory of the one must necessarily repudiate or be repugnant to the other. Are the facts here necessary to support one, consistent with the facts here necessary to support the other? Under any of the tests laid down by the adjudicated cases, or by the text-writers we do not find inconsistency between the two. Each is in affirmation of the validity of the note and deed of trust. Each in all respects affirms the validity and binding effect of the contract of trade of the properties made by the parties. Each asserts that defendant breached a phase of that contract. Neither disaffirms the contract. Davis' Morgan County case counterclaim asserted the validity and binding effect of the deed of trust, and alleged a breach of a covenant in the deed of trust. His instant petition asserted the validity and binding effect of the note and alleged a breach of its provisions as to payment. A cause of action based upon the Morgan County case counterclaim and one based upon the instant petition each have foundations deep in the validity of the original executed contract of sale. Neither the former counterclaim nor the instant petition alleges what the other of necessity denies, and neither one repudiates the other. The facts necessary to support Davis' former counterclaim are entirely consistent with the facts necessary to support a cause of action for a deficiency judgment. The just above conclusions appear inescapable.
We sustain Davis' contention that there is no inconsistency between his counterclaim in the Morgan County case and his instant petition. We therefore find it unnecessary to rule or express any opinion upon his further instant assertion that upon his Morgan County case counterclaim he could have recovered, at most, only the amount of the premium necessary for him to have paid to have himself insured the restaurant, and that he was there but pursuing a phantom and supposed remedy which was in fact without substance.
But what we do rule is that there was no inconsistency between the theory of Davis' Morgan County case counterclaim and his instant petition. Broz v. Hegwood, 349 Mo. 920, 163 S.W.2d 1009; Union Trust Co. v. Wiseman, D.C., 10 F.2d 558; Connihan v. Thompson, 111 Mass. 270, 272; Sonken-Galamba Corp. v. Butler Iron & Steel Co., 8 Cir., 119 F.2d 283, and see cases collected 28 C.J.S., Election of Remedies, § 4, note, p. 1067. There being no such inconsistency, defendants' contention as to Davis having formerly so elected a remedy as to now defeat his instant alleged cause of action is wholly without merit. Cases cited supra.
Defendants' remaining contention that the trial court erred in ruling that the adjudication in the former Morgan County case of defendants' purported claims (realleged here in defendants' present counterclaim) of fraudulent representations by Davis was res adjudicata, is without merit. Examination of our former opinion, 183 S.W.2d loc. cit. 67, 68, establishes beyond all question that that case adjudicated once, and for all time, and adversely to defendants, all issues as to such fraudulent representations. Examination of that case, and of our files therein, show those issues were tendered by the pleadings, that evidence was heard thereon, that they were there ruled by the trial court, and that we *961 affirmed that judgment. Defendant will not now be heard to contend that all those issues as to those fraudulent representations should be or may be relitigated in this case. Even though Arthur Hauschild was not a party to the former Morgan County action, he was in privity with Lina Hauschild, and his brief here admits that "he stands in the same position now as if he had been a party to the Morgan County case." See Drainage District No. 1 Reformed of Stoddard County, v. Matthews, 361 Mo. 286, 234 S.W.2d 467 and John Miller & Co. v. Harvey Merc. Co., 45 N.D. 503, 178 N.W. 802.
The judgment is affirmed.
All concur.