ARTHUR M. EVANS & another *vs.* CHARLES S. HAMLIN & another, assignees.

Suffolk.    March 19, 1895. — September 6, 1895.

Present: FIELD, C. J., HOLMES, MORTON, LATHROP, & BARKER, JJ.

*Writ of Error to reverse Decree in Equity.*

A writ of error does not lie to reverse or revise a decree in equity.

A bill of review is the customary remedy to reverse a final decree in equity for errors of law apparent on the record, but it is suggested by the court, although not decided, that that remedy is not open where the final decree has been affirmed by the full court, and especially where it has been so affirmed by the consent of all the parties.

WRIT OF ERROR, to reverse a decree rendered by a single justice of this court in a suit in equity wherein the plaintiffs in error were the defendants. The defendants in error demurred generally to the writ and the assignment of errors, and the case was heard by *Lathrop*, J., who reserved it for the full court, upon the writ and the return thereof, the assignment of errors, and the pleadings. The facts sufficiently appear in the opinion.

*A. Thompson*, for the plaintiffs in error.

*R. M. Morse*, for the defendants in error.

FIELD, C. J.    This is a writ of error from this court, sued out for the purpose of reversing a decree rendered in a suit in

equity by the court when held by a single justice within and for the County of Suffolk. A writ of error lies where the proceedings are according to the course of the common law, but it does not lie in proceedings in equity unless it is authorized by statute. The customary remedy in equity to reverse a final decree for errors of law apparent on the record is by a bill of review. *Elliott* v. *Balcom*, 11 Gray, 286. There is no statute of this Commonwealth which authorizes a writ of error in proceedings in equity.

After the decree in the equity suit which is complained of was entered by a single justice in the court sitting for the county, an appeal was taken to the full court, and exceptions were allowed by the single justice, and the appeal and exceptions were entered in the full court. While the exceptions and appeal were pending before the full court, the following agreement was filed in that court, viz. :

" Supreme Judicial Court for the Commonwealth.
" In Equity.
" George P. Deshon et al., Assignees, *vs.* Arthur M. Evans and Augustin Thompson.

" It is agreed in the above entitled action that the appeal taken by the defendants be waived, that the bill of exceptions taken by said defendants be overruled, and that the decree of Mr. Justice Charles Allen be affirmed.

" R. M. Morse, Jr., for complts.
J. B. Rich &          , for deft. Evans.
J. A. Brackett, for deft. Thompson."

A rescript of the full court affirming the decree of the single justice was sent down in pursuance of this agreement. It deserves to be considered by the plaintiffs in error whether any proceedings in the nature of a bill of review will lie in this court to reverse a final decree in equity, which has been affirmed by the full court, although an application for a rehearing sometimes may be made, which is addressed exclusively to the discretion of the full court. It should also be considered whether, in any event, a bill of review will lie to reverse a final decree which has been affirmed by the full court by consent of all of the parties. See *Winchester* v. *Winchester*, 121 Mass. 127. The present writ of error must be dismissed.          *So ordered.*