NASHUA AND LOWELL RAILROAD CORPORATION *vs.* BOSTON AND LOWELL RAILROAD CORPORATION.

Suffolk.    March 22, 1897. — September 10, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Review — Superior Court — Equity Practice — Report — Decree — Jurisdiction — Discretion of Court.*

A bill of review may be brought in the Superior Court to review a final decree in equity made by that court.

A bill of review, brought to review a final decree in equity for error of law apparent on the face of the record, properly should set out in full the pleadings, proceedings, and final decree, but not the evidence.

Although it is not the practice of the full court to rehear parties upon questions which have been once argued and decided, or to hear them upon questions of law which have been waived or abandoned at a former hearing, yet it, in its discretion, may do so.

A justice of the Superior Court has the right to report to the full court an equity case upon the pleadings and facts found by him, without deciding the case.

A final decree in equity of the Superior Court, entered in accordance with a rescript of this court, after a hearing of the case on report, cannot be reversed by a bill of review brought in the Superior Court, on the ground that this court has erred in law; but the remedy is by a petition to this court for a rehearing, which is addressed to its discretion.

BILL OF REVIEW, filed in the Superior Court on November 23, 1895, to review a decree of that court, made on October 31, 1895, in a suit in equity, for error of law apparent on the face of the record. A decree was entered dismissing the bill; and the plaintiff appealed to this court. The facts appear in the opinion.

*F. A. Brooks & G. S. Hale*, for the plaintiff.

*J. H. Benton, Jr.*, for the defendant.

FIELD, C. J.  The defendant filed in the Superior Court a motion to dismiss the bill, and a demurrer. The motion to dismiss the bill was stated to be " because it doth not appear that the same was filed by leave of court." The causes of demurrer are stated to be, " first, that said bill doth not appear to be filed by leave of court, first had and obtained; secondly, that the matters and things in said bill set forth do not in manner and form in which the same are stated entitle the plaintiff to the relief prayed for, or to any relief." The Superior Court overruled the motion to dismiss, sustained the demurrer, and dismissed the bill with costs; and the plaintiff appealed to this court from the decree dismissing the bill. The cause coming on to be heard in this court, it appeared that the plaintiff had not set out in the bill a full and exact copy of the pleadings, proceedings, and decrees in the original suit in the Superior Court, and leave was obtained in this court to file a certified copy of the same in this court, without prejudice to the rights of the defendant to contend that the defect, if any, in the bill as filed in the Superior Court, could not be cured in this way. The Superior Court undoubtedly overruled the motion to dismiss, on the ground that no leave of the Superior Court was necessary to file a bill of review for error of law appearing on the face of the record, which is undoubtedly the law. *Elliott* v. *Balcom*, 11 Gray, 286. Story, Eq. Pl. § 405.

The bill of review states, in substance, that the plaintiff brought an action at law against the defendant in the Superior Court on September 30, 1884, on a certain claim therein alleged, to which, by amendment of the declaration, three other claims were added; . that said action, by leave of said court, was amended into a suit in equity, and a bill in equity was substituted for the declaration at law; that the defendant appeared and demurred to the bill for want of equity; that the demurrer was overruled, and the defendant answered and afterwards amended its answer, when issue being joined, the cause was heard by a justice of the Superior Court, who found for the defendant on the first and second claims set forth in the bill, and for the plaintiff on the third and fourth claims, and entered a decree for the plaintiff for a certain sum of money on each of said third and fourth claims as follows. " It is ordered, adjudged, and decreed as follows, viz. : That the

plaintiff is entitled to recover and do recover of the defendant the sum of twenty-five hundred seventy-four $\frac{32}{100}$ dollars, with interest thereon from and after April 30, 1880, said sum and interest amounting at this time to forty-three hundred thirty-four $\frac{30}{100}$ dollars, on account of the third claim set forth and described in the plaintiff's bill of complaint, being a claim for thirty-one per cent of the value of joint material used by defendant in building the Middlesex Central Railroad. Also, that the plaintiff is entitled to recover and do recover of the defendant the further sum of $9,711.88, with interest thereon from and after April 30, 1880, . . . on account of the fourth claim set forth and described in the plaintiff's bill of complaint, being the claim for the value of three hundred tons of new iron rails to be placed by the defendant in the plaintiff's track, but not so placed. . . . Also, that the plaintiff recover its costs of suit, to be taxed by the clerk." From this decree the defendant appealed to this court. As the plaintiff did not appeal, the first and second claims were out of the case on the appeal, and the third and fourth claims were thereafter called the first and second claims. The case was heard on the appeal by this court, and on October 21, 1892, said court sent down to the Superior Court the following rescript: "It is ordered that the clerk of said [Superior] Court make the following entry under said case in the docket of said court, viz.: 'Decree for the plaintiff for $3,010.68, with interest, unless the Superior Court, by its finding, has determined or shall determine that, in point of fact, the cost of improved condition of the defendant's road, which was agreed to be $9,711.88, was paid from the separate funds of the plaintiff, and not from the joint fund of the two railroad companies.'" The decision of this court is reported in 157 Mass. 268.

Afterwards, the plaintiff obtained leave of the Superior Court to amend its bill, and the bill was accordingly amended, and the defendant amended its answer, setting up, among other things, that the claim had been adjudicated in a former suit between the same parties in the Circuit Court of the United States for the District of Massachusetts. Thereupon the case was referred by the Superior Court to a master, and a hearing had before the master, who made his report to that court. It is alleged that, at the hearing before the master, certain evidence was offered by

the plaintiff and admitted by the master, subject to the objection of the defendant that it was not competent, and was reported by the master to the Superior Court for its consideration, and by that court was excluded as incompetent, subject to the objection and exception of the plaintiff. The cause then came on to be heard in the Superior Court, upon the last claim made by the plaintiff, called after the first appeal the second claim; and the presiding justice of the Superior Court, against the objection of the plaintiff, declined to pass upon the issues raised by the pleadings relating to that claim, but reported the cause upon the pleadings and the facts found by him to this court for its determination. This court entertained the cause so reported; considered among others the new defence introduced under the amended answer of the defendant in the Superior Court, and on September 5, 1895, sent down to the Superior Court a rescript as follows: " Decree for plaintiff for \$3,010.68, and interest, unless in point of fact the demand in suit was adjudicated upon in the former suit." The decision of this court is reported in 164 Mass. 222.

Afterwards, to wit, on October 31, 1895, the cause came on for final hearing in the Superior Court, and that court on that day entered the following decree: " It is ordered, adjudged, and decreed, in pursuance of said rescript, that the plaintiff is entitled to recover and do recover of the defendant the sum of three thousand and ten and $\frac{68}{100}$ dollars, with interest thereon from and after April 30, 1880; said sum and interest amounting to (\$5,810.61) five thousand eight hundred and ten and $\frac{61}{100}$ dollars; also that the plaintiff recover its costs of suit, to be taxed by the clerk." It is this decree which the plaintiff in his bill of review seeks to have reviewed, and reversed. It is evident that in the Superior Court on the final hearing it was either conceded by the parties or found by that court that this claim had not been in fact adjudicated in the Circuit Court of the United States; if it had been, that adjudication would have been a bar, and the bill would have been dismissed.

When the case was before this court the second time, on the report of the presiding justice of the Superior Court, the plaintiff argued that this court, in the first rescript, had made a mistake in reducing the amount of the principal sum recovered in

the decree from $9,711.88, as originally found by the Superior Court, to the sum of $3,010.68, but this argument did not prevail. The plaintiff, in this bill of review, does not in form ask the Superior Court to reverse its decree of October 31, 1895, on the ground that this court made a mistake in the substance of each of its decisions in the case, but on the following ground as stated in the bill : " And your orator shows it is advised and believes that the Supreme Judicial Court did not acquire any jurisdiction of said cause, by reason of the report thereof made to said court in February, 1895, by the presiding justice of this [the Superior] court, under the circumstances above stated, and that said rescript of September 5th, 1895, was without any force or effect in law, for the purpose of determining the amount which the plaintiff was entitled to recover in said cause, and was not warranted by the allegations of the plaintiff's bill of complaint, or by any evidence taken or offered in the case by the defendant. And your orator shows that afterward, on the 31st day of October, 1895, said cause came on for final hearing in this [the Superior] court, upon the motion of the defendant that a decree be entered therein, in accordance with the rescript of said Supreme Judicial Court of September 5th, 1895, and that this [the Superior] court then entered a decree therein, in the words and figures following, to wit." Then follows the decree hereinbefore recited.

We think that a bill of review may be brought in the Superior Court to review a final decree in equity made by that court, in the same manner as a bill of review may be brought in the Supreme Judicial Court when held by a single justice to review a final decree made by that court. Such decrees are constantly made in either court by single justices, and no appeal taken to the full court, so that the only method in such cases of correcting errors of law apparent on the face of the record is by a bill of review. As under our practice the decree does not recite the pleadings, a bill of review properly should set out in full the pleadings, proceedings, and final decree, but not the evidence. *Buffington* v. *Harvey*, 95 U. S. 99. *Putnam* v. *Day*, 22 Wall. 60. *Whiting* v. *Bank of the United States*, 13 Pet. 6. We think that if the full court is to determine on appeal whether there is error of law apparent on the record of the Superior Court

in a suit in equity, it should have before it a transcript of the whole record, as fully as is required in proceedings on writs of error in actions at law. This bill originally was defective in not setting out the full record in the case. Parts of the record were set out, not *in totidem verbis*, but only according to the pleader's conception of their substance and effect. It would be a good practice if an exemplified or certified copy of the whole record were inserted or attached to such a bill, although the forms usually given seem not to require this, but only that the pleadings, proceedings, and decrees should be set out in full, and not by a general statement of their contents. The demurrer to the bill was, however, not put upon this objection. Whether this defect in the bill properly could be supplied in this court by furnishing a certified copy of all the material parts of the record, we need not decide. See *Groce* v. *Field*, 13 Ga. 24. We are content to assume that this may be done by leave of this court.

It is a matter of more importance whether the justices of the Superior Court, or of this court, when sitting as single justices, can reverse final decrees in equity entered in obedience to the rescript of the full court, on the ground that the full court in hearing and determining a cause on report or appeal has made some mistake of law, either in entertaining the cause, or in determining the questions of law involved in it, and that therefore the rescript of the full court should be treated as of no effect. A bill of review will not lie in the court below while an appeal is pending in the appellate court. *Kimberly* v. *Arms*, 40 Fed. Rep. 548. An appeal will not lie from a decree entered in accordance with the rescript or mandate of the appellate court. *Lincoln* v. *Eaton*, 132 Mass. 63, 69. *Humphrey* v. *Baker*, 103 U. S. 736. If there is any real ground for contention that the decree entered in the court below does not conform to the rescript or mandate of the full court, an appeal lies that this may be determined. *Sewall* v. *Sewall*, 130 Mass. 201. A bill of review for errors of law apparent on the face of the record will not lie after the final decree has been affirmed on appeal. See *Evans* v. *Hamlin*, 164 Mass. 239, 240 ; *Franklin Savings Bank* v. *Taylor*, 53 Fed. Rep. 854, 866 ; *Hurt* v. *Long*, 90 Tenn. 445 ; *Watkins* v. *Lawton*, 69 Ga. 671 ; *Felty* v. *Calhoon*, 147 Penn. St. 27.

In *Southard* v. *Russell*, 16 How. 547, 570, the Supreme Court of the United States say : " The better opinion is, that a bill of review will not lie at all for errors of law alleged on the face of the decree after the judgment of the appellate court. These may be corrected by a direct application to that court, which would amend, as matter of course, any error of the kind that might have occurred in entering the decree. Nor will a bill of review lie in the case of newly discovered evidence after the publication, or decree below, where a decision has taken place on an appeal, unless the right is reserved in the decree of the appellate court, or permission be given on an application to that court directly for the purpose. This appears to be the practice of the Court of Chancery and House of Lords, in England, and we think it founded in principles essential to the proper administration of the law, and to a reasonable termination of litigation between parties in chancery suits."

In *Putnam* v. *Clark*, 8 Stew. (N. J.) 145, the Court of Errors and Appeals of New Jersey deny that leave must first be obtained of the appellate court to file a bill of review in the court below on the ground of newly discovered evidence, and say that the petition must be made to the court where the decree is entered, but that court say : " It must be borne in mind that there is a distinction in practice between an application for a review on the ground of error on the face of the decree, and one based on newly discovered evidence. In the former, no bill of review can be filed after the decree has been passed upon by the appellate tribunal, but in the latter it is otherwise." Whatever the rule may be in a bill of review on newly discovered evidence, the authorities are substantially unanimous that a bill of review for errors of law apparent on the face of the record will not lie after the decree has been affirmed by the appellate court, and a decree entered in accordance with the mandate of the appellate court is equivalent to a decree affirmed by the appellate court. *Kingsbury* v. *Buckner*, 134 U. S. 650, 671.

An examination of the original papers in the case, as reported in 164 Mass. 222, shows that every question of law which the plaintiff seeks to raise in this bill of review could have been raised by the plaintiff at the hearing of the case in this court on

the report of the justice of the Superior Court. The plaintiff could have had the testimony of Mr. Bartlett and Mr. Brooks,* which was taken before the master and reported by him, and which the justice of the Superior Court excluded against the plaintiff's exception, brought before this court if he had asked for it, but no such request appears to have been made. *Snow* v. *Boston Blank Book Manuf. Co.* 153 Mass. 456. It appears by the report of the justice of the Superior Court, which was before this court at that hearing, that the plaintiff contended that the justice of the Superior Court was legally required to make a finding in the case on the issues between the parties, but the justice ruled otherwise, and reported the case upon the pleadings and the facts found by him for the consideration of this court. It was open to the plaintiff to contend at the hearing in this court that the justice of the Superior Court could not lawfully report the case in this manner, but so far as we are aware it made no such contention in this court.

It is not the practice of the full court to rehear parties upon questions which have been once argued and decided, or to hear them upon questions of law which have been waived or abandoned at a former hearing, but it in its discretion may do so. *Pingree* v. *Coffin*, 12 Gray, 288, 324. A justice of the Superior Court has the same right to report an equity case upon the pleadings and facts found by him without deciding the case as a justice of this court has, and it is a well known practice to report such cases to the full court upon the pleadings and the facts found by the court, or on the pleadings and the facts found by a master, where no exception is taken to his report, and there is no other evidence, or upon the agreed facts, where all the facts are agreed, without any decision of the case. *Methodist Episcopal Society* v. *Akers*, 167 Mass. 560. *Stevens* v. *Mulligan*, 167 Mass. 84. *Sawyer* v. *Seaver*, 166 Mass. 447. *Murphy* v. *Barnard*, 162 Mass. 72. *Mulcahy* v. *Fenwick*, 161 Mass. 164. *Taft* v. *Stoddard*, 141 Mass. 150. St. 1883, c. 223, § 2. It does not appear from the record of the original suit that any party asked that the evidence be taken and reported pursuant to Pub. Sts. c. 151, § 26; St. 1883, c. 223, § 2; and Chancery Rule XXXV.

---

* The former was the treasurer of the defendant corporation, and the latter was the president of the plaintiff corporation.

The plaintiff complains in its brief that the justice of the Superior Court erred in allowing the defendant's exceptions to a part of the amended bill, and in ordering a portion of the bill to be stricken out. If the plaintiff had excepted to this, or had appealed from the order, which does not appear, the question whether the order was a proper one could have been brought before the full court when the case was reported by the justice of the Superior Court, and the plaintiff could have argued it if it had seen fit. This alleged error of law is not pointed out in the bill of review. Every one of the alleged errors of law now relied on in argument, if the plaintiff had desired it, could have been brought before the full court when the case was reported by the justice of the Superior Court, and could have been argued before the full court. The plaintiff's real grievance is that the full court reduced the principal sum which it is entitled to recover on account of the claim for the value of three hundred tons of iron rails, from $9,711.88, which the Superior Court originally found due, to $3,010.68; and although more than one attempt has been made to convince the full court that its decision in this matter is erroneous, the attempt hitherto has been unsuccessful.

By a bill of review filed in the Superior Court the attempt is now made to convince that court that the full court acquired no jurisdiction to consider the case when it was reported by the justice of the Superior Court, although the jurisdiction of the court was not disputed at the time of the hearing before it. The question of the jurisdiction of the full court over the case on that report necessarily was involved in the decision of the case. It is enough to say that decrees of the Superior Court, entered in accordance with the rescript of the full court, cannot be reversed in this manner. The only remedy is by a petition for a rehearing to the full court, which is addressed to its discretion. *Winchester* v. *Winchester*, 121 Mass. 127.

*Bill dismissed, with costs.*