ROBERT C. CANN *vs.* RICHARD H. BARRY & another.

Suffolk. May 12, 1937. — September 16, 1937.

Present: RUGG, C.J., CROSBY, DONAHUE, LUMMUS, & QUA, JJ.

*Trust,* Constructive. *Equity Jurisdiction,* Accounting, To enforce trust.

Upon appeal from a decree granting relief against a constructive trustee, this court refused to review a former decision that the constructive trust existed.

A constructive trustee of personal property, who placed a mortgage on it for his own purposes and without benefit to the real owner, was required to return the property to the owner exonerated from the mortgage and mortgage note.

One adjudged to be a constructive trustee of a lease to him was entitled, upon assigning the lease to the cestui, to have the cestui assume all unsatisfied obligations under the lease and under a note required by the lessor to be given by the lessee-trustee for arrears of rent and taxes which had accrued during previous possession of the cestui, but not to any security from the cestui to indemnify the trustee against such obligations.

BILL IN EQUITY, filed in the Superior Court on April 30, 1935.

The suit previously was before this court upon a report of an interlocutory decree "that the defendant forthwith assign to the plaintiff the lease of the real estate in Revere, Massachusetts, referred to in the bill, dated January 2, 1934[5?], given by Alden A. Mills, Trustee of the Point of Pines Trust, to Richard H. Barry, recorded with Suffolk Deeds, Book 5504, Page 33, and that the said Barry release

and deliver to the plaintiff the personal property and equipment located in and connected with Cann's Cabin at Revere, Massachusetts, and the said Barry, his servants, agents, attorneys and representatives, are permanently enjoined and restrained from using the name 'Cann's Cabin' or from doing or saying anything to interfere with the good will of the business therein, hereinafter to be conducted." Proceedings in the Superior Court following the decision reported in 293 Mass. 313 are described in the opinion. By order of *Swift,* J., a final decree was entered adopting the language of the interlocutory decree above quoted and adding an order directing the defendant Barry "forthwith to procure and deliver to said Cann or his representatives a good and sufficient discharge of a certain mortgage of personal property purporting to cover the assets of Cann's Cabin, dated February 27, 1935, recorded with the records of mortgages of personal property in the city of Revere on February 27, 1935, the day of its date." The defendant Barry appealed. The mortgage referred to in the final decree is the "Morgan mortgage" referred to in the opinion.

*W. P. Murray,* for the defendant Barry.

*D. H. Fulton,* for the plaintiff.

LUMMUS, J. When this case was here before, we decided that the defendant Barry held the leasehold, equipment, business and good will of a restaurant upon a constructive trust for the plaintiff. *Cann* v. *Barry,* 293 Mass. 313. Upon long established principles, we do not review that decision upon the present appeal. *Pingree* v. *Coffin,* 12 Gray, 288, 324. *Wall* v. *Old Colony Trust Co.* 177 Mass. 275, 279. *Boston Bar Association* v. *Casey,* 204 Mass. 331, 336. *Spilios* v. *Papps,* 292 Mass. 145.

After that decision, the case was recommitted to the master to state the account between the parties. The accounting was difficult and somewhat uncertain, because of the absence of reliable books of account. The substance of the report was that the defendant Barry had already "recovered the amount of his original investment and something more" — how much more the master was unable to find — "by way of profit." The master found that the

defendant Barry had placed a mortgage upon the property in question in favor of one George F. Morgan for $2,000, which Barry owes the duty of removing. The report was confirmed, subject to appeal by the defendant Barry.

Since upon the findings of the master the plaintiff was entitled to possession of the property in question without any payment, the receiver was ordered by interlocutory decree, entered May 18, 1936, to relinquish possession of the property in question to the plaintiff. The defendant Barry appealed from that decree; but we assume that it was performed, else the plaintiff would have sought a further accounting. A final decree was entered on July 14, 1936, with costs against the defendant Barry and subject to his appeal, ordering him to assign, release and deliver the property in question to the plaintiff, and to procure and deliver to the plaintiff a discharge of the Morgan mortgage.

We have no doubt that the master properly began his account at the time the defendant Barry acquired the property. The plaintiff was entitled to treat the property as his from the beginning. *Powell* v. *Powell*, 260 Mass. 505.

The main contention of the defendant Barry is that he is entitled to security to indemnify him against his mortgage note accompanying the Morgan mortgage, against the covenants of the lease which he is ordered to assign to the plaintiff, and against a note for $2,402.89 to the lessor which the defendant Barry was required by the lessor to give "representing the amount due and owing to the lessor from the said Cann [the plaintiff] for arrears of rent and taxes as of the date hereof [i.e. of the lease, dated January 2, 1935], including the payments of rental due July 15, 1934, and October 15, 1934, and also the taxes assessed for the year 1934, the payment of which said note shall be a condition of this lease."

The Morgan mortgage and note were given for the defendant Barry's own purposes, without benefit to the plaintiff. The plaintiff is entitled to the property exonerated from that mortgage and note.

Of course the plaintiff must take the lease subject to its unsatisfied obligations, including the note for $2,402.89 so

far as it remains unpaid.   But a constructive trustee, such as the defendant Barry is, fares well enough if reimbursed for his expenditures beneficial to the trust property.  *Essex Trust Co.* v. *Enwright,* 214 Mass. 507, 514.  *H. C. Girard Co.* v. *Lamoureux,* 227 Mass. 277, 280.  *Cann* v. *Barry,* 293 Mass. 313, 317.  He is entitled to no security.  It is sufficient for the plaintiff in this case to assume the unsatisfied obligations of the lease, and of the note to the lessor, when the lease is assigned to him.  The final decree is to be modified by inserting therein, within parentheses, after the words "Book 5504, Page 33," the following words, namely: (the plaintiff assuming all unsatisfied obligations, in favor of the lessor, of the lease and of the promissory note for $2,402.89).  This, we think, merely expresses what the judge and the parties had in mind when the decree was drawn.

The other points raised by the defendant Barry, so far as they have been argued, seem to require no discussion.  The interlocutory decrees are affirmed.  The final decree is to be modified as has been stated, and as modified is affirmed.

*Ordered accordingly.*