ISADORE ROSMAN *vs.* MARY ROSMAN & another.

Essex.    December 7, 1938. — January 30, 1939.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Trust,* What constitutes, Resulting. *Equity Pleading and Practice,* Costs.

Upon facts, found by a master, that from time to time money was entrusted by a man to his wife in accordance with an understanding with her that she was to pay their expenses and that the balance was to be held for their joint benefit, and that she repudiated the trust so shown and ejected him from his home, a final decree properly was entered directing her to pay to him one half of a fund so held by her.

A decree containing a direction that taxable costs be paid "to the plaintiff or his attorney" on appeal was ordered modified by striking out the words "or his attorney," nothing appearing in the record warranting payment of costs directly to the attorney.

BILL IN EQUITY, filed in the Superior Court on May 17, 1937.

The final and the interlocutory decrees were entered by order of *Burns,* J. The plaintiff and the defendant Mary Rosman appealed.

*J. W. Jennings,* for the defendant Mary Rosman.

*S. Pearl,* for the plaintiff.

RONAN, J. The plaintiff seeks an accounting from his wife and daughter for money entrusted by him to his wife from time to time for the purpose of paying their living expenses and of holding the balance for their mutual advantage, and he alleges that the wife has created a trust for

the benefit of herself and her daughter out of the plaintiff's contributions. It appears from the master's report that the plaintiff came to this country in 1913, and in 1920 was joined by his wife and two children, with whom he continued to live until August, 1936, when his wife virtually evicted him from his home. The earnings and income of the husband and wife; the contributions made to her by him; the various bank deposits consisting, in part, of moneys turned over by him to her, which deposits were made in her own name or that of a trustee or in the name of a fictitious person in order to conceal them from her husband, are all set forth in considerable detail. The master found that the money was entrusted to her in accordance with an understanding between the parties that she was to pay their expenses, and that the balance was to be held for their joint benefit. He further found that the wife had in her possession a joint fund amounting to $6,700 for the benefit of her husband and herself; that he was entitled to one half of this amount, together with interest from August 15, 1936, when she repudiated the trust. Exceptions of both parties to the report were overruled. Both appealed from a final decree ordering the wife to pay the plaintiff $3,350 with interest from August 15, 1936, and costs, and dismissing the bill against Shindler Bernstein without costs.

The money was not given to the wife (hereinafter referred to as the defendant) as a gift, settlement or advancement. Her attempts to conceal from her husband the existence of the bank accounts (into which the contributions from him were fully traced by the master) and to put these accounts beyond his reach, if, when she should repudiate the trust, he should seek an accounting, tend to prove his case. Such conduct could be properly considered by the master as an endeavor to escape liability. *Portland Gas Light Co.* v. *Ruud,* 242 Mass. 272. *Labrie* v. *Midwood,* 273 Mass. 578. Both had an interest in the fund which could be expended only for their mutual advantage. It was a trust fund for their joint benefit. *Moore* v. *Mansfield,* 248 Mass. 210. *O'Brien* v. *O'Brien,* 256 Mass. 308. *Cram* v. *Cram,* 262 Mass. 509. *Gibbons* v. *Gibbons,* 296 Mass. 89.

Both parties appealed from the interlocutory decree overruling their exceptions and confirming the master's reports. These exceptions challenged the correctness of factual determinations of the master on the ground that they were not supported by the evidence or that, upon the evidence, the master ought to have reached a different conclusion. The master in his first report stated that he was unable to determine the amount due the plaintiff, and upon recommittal he heard additional evidence, all of which he set forth, in narrative form, at the request of the defendant, who now contends that it was insufficient to enable the master to fix the amount of money to which the plaintiff was entitled. The order recommitting the report did not authorize the master to report the evidence and he should not have done so. It was his duty to abide by the reference. We do not know what evidence was introduced upon this point at the previous hearings. We cannot, with only a statement of the evidence heard upon the recommittal of the report, pass upon the correctness of the finding of the master as to the amount due from the defendant. *Cushman v. Noe*, 242 Mass. 496, 501. *Wood v. Baldwin*, 259 Mass. 499, 508. *Millett v. Temple*, 280 Mass. 543. The exceptions of both parties were rightly overruled, as no error appears upon the face of the report. *Carleton & Hovey Co. v. Burns*, 285 Mass. 479, 483. *Zuckernik v. Jordan Marsh Co.* 290 Mass. 151.

The bill was filed about nine months after the defendant refused to recognize the plaintiff's rights in the fund, and the defendant has failed to show that the plaintiff unreasonably delayed in the enforcement of his rights or that any harm thereby resulted to her. She is unable to support her contention that the plaintiff was guilty of laches. *Safford v. Lowell*, 255 Mass. 220, 226. *North Easton Co-operative Bank v. MacLean*, 300 Mass. 285, 294.

The plaintiff contends that the master ought to have found that there was a larger amount due him and that the defendant repudiated the trust in January, 1932. Both were questions of fact. *Davis v. Coburn*, 128 Mass. 377. *Stuck v. Schumm*, 290 Mass. 159. There is nothing in the

report that would cause us to doubt the correctness of the computation by which the master arrived at the amount due the plaintiff. Neither is there anything contained in the report that shakes the findings that the parties lived together until August 15, 1936, when they separated, and that the defendant then refused to be bound by the terms under which the plaintiff had turned over his money to her. These findings of the master were consistent with his other subsidiary findings. His general conclusion must be accepted as final. *MacLeod* v. *Davis*, 290 Mass. 335. *Dodge* v. *Anna Jaques Hospital*, 301 Mass. 431.

The final decree provides for the payment of the taxable costs "to the plaintiff or his attorney." While the payment of costs in equity is discretionary, G. L. (Ter. Ed.) c. 261, § 13, we discover nothing in the record warranting their payment directly to counsel. *Dwyer* v. *Ells*, 208 Mass. 195. *Boynton* v. *Tarbell*, 272 Mass. 142. The words "or his attorney" are to be struck out. As so modified the decree is affirmed with costs.

*Ordered accordingly.*