CHESTER W. NELSON *vs.* CHARLES H. H. BAILEY & another.

CHARLES H. H. BAILEY *vs.* CHESTER W. NELSON.

Norfolk. January 5, 1939. — July 7, 1939.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & COX, JJ.

*Equity Pleading and Practice,* Decree; Appeal; Master: findings, re-committal. *Equity Jurisdiction,* Bill of review, Suit to enforce trust, Accounting. *Trust,* Constructive.

During the pendency of an appeal by the defendants from a final decree in a suit in equity a bill of review of the decree does not lie.

In a suit in equity by a partner against a copartner and his father, a decree rightly directed the father to convey to the partnership real estate, title to which was wrongfully taken in the father's name as a straw for the son, to whom he had lent money, instead of in that of the partnership, and did not require that there be given to the father security for sums owed him or indemnity against obligations he might have assumed; appointed a receiver; and directed an accounting between the father and the receiver as to rents and profits derived from the real estate.

An accounting ordered in a suit in equity by a partner against a co-partner and the copartner's father who held certain property as a constructive trustee for the partnership, entitled the father to relief as to any balance found due him of expenditures over receipts.

Exceptions to a conclusion by a master in a report which did not include the evidence before him or a complete statement of all supporting subsidiary findings, properly were overruled where such conclusion was not inconsistent with subsidiary facts found.

BILL IN EQUITY, filed in the Superior Court on August 3, 1936, to require the defendant Charles H. H. Bailey to convey to a partnership composed of the plaintiff and the defendant Harrison W. Bailey certain real estate, title to which, the plaintiff averred, was wrongfully retained in Charles H. H. Bailey, and for a winding up of the partnership; also a

"PETITION FOR REVIEW," filed in the same court on August 23, 1938.

Among findings by a master in the first case were the following: A bill of sale of certain machinery by Hamilton

W. Bailey to Charles H. H. Bailey "was given upon a secret understanding between father and son, whereby the father was at all times holding said machinery . . . for the benefit of the son . . . the father and son at all times regarded this property as belonging to the son, and this transfer was effectuated in an attempt 'to save the situation' from attachments by creditors of Harrison W. Bailey." The "defendants acted in concert to commit a wrong upon the plaintiff as a partner, by having title [to the real estate in question] taken in the name of Charles H. H. Bailey and not in the name of the partnership as agreed between the partners. . . . at the time Charles H. H. Bailey took title, he did so with full knowledge of the fact that in so doing he was assisting his son Harrison W. Bailey in committing a wrong upon his partner Chester W. Nelson . . . at no time was it contemplated that Charles H. H. Bailey was to be the real owner of the real estate in question, but that Charles H. H. Bailey took title in his name as a 'straw' for his son Harrison W. Bailey, and that the only interest that the father has had at any time since acquiring title has been to get back the money which he loaned the son with which to make the down payment on said real estate."

A final decree was entered by order of *Hurley*, J., directing conveyance of the real estate in question by Charles H. H. Bailey to the partners, establishing a debt of the partnership to the plaintiff in the sum of $1,778.58 and interest, and of the defendant Harrison W. Bailey to the partnership of $905.88 and interest; appointing a receiver to wind up the partnership business; adjudging that the machinery in question was held by Charles H. H. Bailey in trust for Harrison W. Bailey and that, if Harrison's debt to the partnership was not paid within thirty days, the receiver might sell that machinery and apply it for the partnership; and directing an accounting between Charles H. H. Bailey and the receiver "for all rents and profits derived from the real estate" in question and "for the fair rental value of that portion" thereof "occupied by" him and Harrison W. Bailey. The defendants appealed from the final decree on August 9, 1938.

*Gilbert W. Cox & H. T. Cahill,* for Bailey and another, submitted a brief.

*J. B. Abrams,* (*H. J. Klarfeld* with him,) for Nelson.

LUMMUS, J.  After a final decree in favor of the plaintiff, entered July 25, 1938, the defendants appealed on August 9, 1938, and thereby brought the propriety of that decree before us.  On August 23, 1938, Charles H. H. Bailey, one of the defendants, filed as a separate suit what he called a "petition for review," in which he complained of alleged "errors and inconsistencies" in the final decree, claimed a balance of expenditures over receipts in the management of real estate found to belong to the plaintiff and another defendant in the original case, and ordered conveyed to them, amounting to $4,035.68, and prayed that the final decree be vacated, reviewed, modified and amended.  From the denial of this "petition" on October 18, 1938, Charles H. H. Bailey appealed.

Apart from appeal, and certain instances of summary amendment which are inapplicable to the present case (*Hyde Park Savings Bank* v. *Davankoskas,* 298 Mass. 421), a final decree can be reviewed or set aside only upon a bill of review.  *Clapp* v. *Thaxter,* 7 Gray, 384.  *Thompson* v. *Goulding,* 5 Allen, 81, 82.  *Morgan* v. *Steele,* 242 Mass. 217.  *Sullivan* v. *Sullivan,* 266 Mass. 228, 229.  *McLaughlin* v. *Feerick,* 276 Mass. 180, 182.  *Kingsley* v. *Fall River,* 280 Mass. 395, 398.  The present "petition" can have standing only to the extent that it is in substance a bill of review.  It alleges no new evidence or new matter arising or coming to light after the entry of final decree.  *Boston & Maine Railroad* v. *Greenfield,* 253 Mass. 391, 397.  *Handy* v. *Miner,* 265 Mass. 226, 227.  *Counelis* v. *Andreson,* 299 Mass. 382.  So far as its meagre allegations (*Nashua & Lowell Railroad* v. *Boston & Lowell Railroad,* 169 Mass. 157, 161, 162) enable us to classify it, we think it was intended to be a bill of review for error of law appearing on the face of the record.  *Evans* v. *Hamlin,* 164 Mass. 239. *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad,* 169 Mass. 157, 158.

Such a bill of review is comparable to a writ of error at

law. It is inferior in value to an appeal, for it reaches only errors of law apparent upon the record, and does not reach errors in conclusions of fact from the evidence even though the evidence has been made part of the record. *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad,* 169 Mass. 157, 161. *Handy* v. *Miner,* 265 Mass. 226, 228. *Lewis* v. *National Shawmut Bank of Boston, ante,* 187, 192. *Buffington* v. *Harvey,* 95 U. S. 99. *Willamette Iron Bridge Co.* v. *Hatch,* 125 U. S. 1, 7. *Scotten* v. *Littlefield,* 235 U. S. 407, 411.

In the Federal courts the time for bringing a bill of review of this class has been limited by judicial decision to the statutory time allowed for an appeal (*Central Trust Co.* v. *Grant Locomotive Works,* 135 U. S. 207, 227; *McDonald* v. *Whitney,* 39 Fed. 466; *Copeland* v. *Bruning,* 104 Fed. 169; *Hendryx* v. *Perkins,* 114 Fed. 801, 804; *Continental Oil Co.* v. *Osage Oil & Refining Co.* 69 Fed. [2d] 19, 24), the alternative remedy. *Osborne* v. *San Diego Land & Town Co.* 178 U. S. 22, 32.

Before the entry of final decree, there is no need and no room for a bill of review, because the case remains fully within the control of the judge, who may grant a rehearing if justice requires one. *Plaisted* v. *Cooke,* 181 Mass. 118. *John Simmons Co.* v. *Grier Brothers Co.* 258 U. S. 82, 88. *Gerrish* v. *Black,* 109 Mass. 474, 477. *Kevorkian* v. *Moors,* 299 Mass. 163, 166. During the pendency of an appeal from a final decree, as in the present case, a different reason prevents the prosecution of a bill of review.

Though a bill of review is filed, entitled and entered as a new and separate case, in which process issues for service on the defendants in the bill of review (*Home Street Railway* v. *Lincoln,* 162 Fed. 133, 138; see also *Lynn Gas & Electric Co.* v. *Creditors National Clearing House,* 235 Mass. 114), it is nevertheless such a direct mode of attack upon the earlier final decree in the original case that it can be brought only in the court in which that case and that decree remain of record. *Nashua & Lowell Railroad* v. *Boston & Lowell Railroad,* 169 Mass. 157, 161. *Duffy* v. *Hogan,* 203 Mass. 397, 405. *Barrow* v. *Hunton,* 99 U. S.

80, 82, 83. *Arrowsmith* v. *Gleason,* 129 U. S. 86. *Marshall*
v. *Holmes,* 141 U. S. 589. *Dowagiac Manuf. Co.* v. *Mc-
Sherry Manuf. Co.* 155 Fed. 524, 528. An appeal from
a final decree, entered here, vacates that decree and trans-
fers the case to this court. G. L. (1921) c. 231, § 135.
G. L. (Ter. Ed.) c. 214, §§ 19, 26; c. 231, § 135. *Wright* v.
*Wright,* 13 Allen, 207, 209. *Carilli* v. *Hersey, ante,* 82,
84. *Burlingame* v. *Bartlett,* 161 Mass. 593, 595. *Mer-
chants Mutual Casualty Co.* v. *Leone,* 298 Mass. 96, 100.
*Aspen Mining & Smelting Co.* v. *Billings,* 150 U. S. 31, 35.
*Omaha Electric Light & Power Co.* v. *Omaha,* 216 Fed. 848,
855. *Parker* v. *New England Oil Corp.* 15 Fed. (2d) 236,
238. A bill will not lie to review, in a court where the case
has ceased to exist, a final decree in it which has ceased to
have force. The judge was right in dismissing the "petition,"
treating it as a bill of review. *Nashua & Lowell Railroad* v.
*Boston & Lowell Railroad,* 169 Mass. 157, 162. *Ensminger*
v. *Powers,* 108 U. S. 292, 302, 303. *Pacific Railroad of Mis-
souri* v. *Missouri Pacific Railway,* 111 U. S. 505, 520. *Kim-
berly* v. *Arms,* 40 Fed. 548. *First National Bank of Miles
City* v. *State National Bank of Miles City,* 131 Fed. 430.
*Dowagiac Manuf. Co.* v. *McSherry Manuf. Co.* 155 Fed.
524, 527, 528. *In re A. O. Brown & Co.,* 213 Fed. 701
(affirmed 213 Fed. 705; 235 U. S. 407).

We have left for consideration the appeal from the final
decree.

The question in this case is not, as the defendants con-
tend, whether a resulting trust arose in favor of the part-
nership. The case is one of constructive trust. The plain-
tiff and Harrison W. Bailey as partners were fiduciaries
with relation to each other. Charles H. H. Bailey was
found to be a mere "straw" or agent for his son Harrison
W. Bailey in taking in his own name the title to the real
estate in question, and his status was not changed by his
advance of the necessary money as a loan to his son. The
case stands as it would have stood if the partner Harrison
W. Bailey himself had taken title to the real estate in his
own name and for his own benefit while pretending to the
plaintiff that the real estate was being bought for and in

the name of the partnership. The real estate was held from the beginning upon a constructive trust for the partnership, as the final decree declared. *Holmes* v. *Darling*, 213 Mass. 303. *Lurie* v. *Pinanski*, 215 Mass. 229. *Arnold* v. *Maxwell*, 223 Mass. 47. *Deutschman* v. *Dwyer*, 223 Mass. 261. *H. C. Girard Co.* v. *Lamoureux*, 227 Mass. 277. *Cann* v. *Barry*, 293 Mass. 313; 298 Mass. 186.

The provision in the final decree "That the defendant Charles H. H. Bailey shall account to the receiver for all rents and profits derived from the real estate . . . for the period of time that said real estate has been standing in the name of Charles H. H. Bailey" enables him to obtain a decree against the partnership for the balance of expenditures over receipts which exists according to his contention. An accounting involves the possibility of affirmative relief to either party. *Goldthwait* v. *Day*, 149 Mass. 185. *Zuckernik* v. *Jordan Marsh Co.* 290 Mass. 151, 153. *Chopelas* v. *Chopelas*, ante, 33, 35. The decree rightly required a conveyance from him to the partnership for which a receiver was appointed, without first giving him security for what may prove to be owed him or indemnity against obligations that he may have assumed. *Cann* v. *Barry*, 298 Mass. 186, 189. These matters can be dealt with during the progress of the receivership.

The declaration in the final decree that certain machinery, the title to which stood in the name of Charles H. H. Bailey, is the property of Harrison W. Bailey, and is chargeable with the payment of the balance due to the plaintiff on the partnership accounting, is supported by the finding of the master. The exceptions of the defendants to that finding as wrong in point of fact, cannot be sustained in the absence of the evidence, of a complete statement of the supporting subsidiary findings from which a contrary conclusion should be drawn, or of subsidiary findings inconsistent with the finding in question. It was discretionary with the judge to recommit the case for a report of the evidence or subsidiary findings. No reason appears for reversing his refusal to recommit the case for that purpose. *MacLeod* v. *Davis*, 290 Mass. 335. *Dodge* v.

*Anna Jaques Hospital,* 301 Mass. 431, 435–436. *Pearson* v. *Mulloney,* 289 Mass. 508, 513. *Rosman* v. *Rosman,* 302 Mass. 158. *Bumpus* v. *Church,* 302 Mass. 419.

Other questions raised by the several appeals from interlocutory decrees have not been argued. *Boston* v. *Dolan,* 298 Mass. 346, 355–356.

We find nothing in the record to warrant a conclusion that Charles H. H. Bailey has occupied any of the real estate, or has become responsible for any occupation by his son Harrison W. Bailey. The part of paragraph 8 of the final decree that requires Charles H. H. Bailey to account for the fair rental value of the part of the real estate occupied by the defendants is to be struck out. As so modified the final decree is affirmed with costs.

> *Interlocutory decrees affirmed.*
> *Final decree as modified affirmed with costs.*
> *Final decree dismissing bill of review affirmed with costs.*