Burton E. Dudley & another *vs.* Sheehan
Construction Company.

Middlesex.     November 8, 29, 1939. — January 31, 1940.

Present: Field, C.J., Donahue, Lummus, Dolan, & Ronan, JJ.

*Res Judicata.*

A final decree allowing an account by an administrator showing payment to a next of kin of his share of proceeds of a sale of real estate formerly of the decedent barred a subsequent petition in equity in the Land Court in substance to set aside the sale and to require a reconveyance of the land "to the estate."

Petition in equity, filed in the Land Court on April 5, 1938.

A final decree was entered by order of *Fenton,* J., after he had sustained a plea in bar.

*C. W. Rowley & C. W. Rowley, Jr.,* for the petitioner Pulsifer, submitted a brief.

*H. F. Marks,* for the respondent.

Lummus, J. The petitioners, Burton E. Dudley and Chlora R. Pulsifer, are two of the children of Mary E. Dudley, late of Boston. They allege in a bill in equity in the Land Court that the "Administrator" (administratrix?) of the

estate of their mother obtained the assignment of a mortgage covering the land of the decedent in Wakefield to a trustee for the estate and afterwards foreclosed the mortgage and caused the land to be conveyed to the respondent. The main prayer is for a reconveyance "to the Estate."

The judge "sustained" a plea in bar of *res judicata.* It is plain that he used the word "sustained" with technical accuracy as meaning that he found the plea to be true in fact upon the evidence. *Berenson* v. *French,* 262 Mass. 247, 254. *Reilly* v. *Selectmen of Blackstone,* 266 Mass. 503, 509, 512. *Becker* v. *Zarkin,* 292 Mass. 359, 361. *Abbott* v. *Bean,* 295 Mass. 268, 269–270. *Westervelt* v. *Library Bureau,* 118 Fed. 824, 825. From a final decree dismissing the bill, the petitioner Pulsifer appealed.

The general controversy out of which this case arises has become familiar to this court. *Barry* v. *Dudley,* 282 Mass. 258. *Sheehan Construction Co.* v. *Dudley,* 299 Mass. 51. *Dudley* v. *Dudley,* 300 Mass. 270. Shortly after the first of those decisions, both the present petitioners brought in the Superior Court in Middlesex County a bill in equity against the administratrix, against Alice C. Barry (described in the present bill as the trustee for the estate, who was the assignee of the mortgage in question, the purchaser at the foreclosure sale, and the predecessor in title of the respondent), and against others, setting up the alleged invalidity of the foreclosure sale and alleging that the same acts of the administratrix and Alice C. Barry that are attacked in the present case constituted a wrong to the petitioners and part of a conspiracy to defraud them. The prayers were that the sale and those acts be set aside. After hearing on the merits before a judge in the Superior Court, he found the facts in favor of the defendants, and entered a final decree on November 10, 1933, dismissing the bill with costs. Later, in the most recent of the cases cited, the proceeds of the land in question were included in the account of the administratrix, and the present petitioners thereby received the benefit of their shares in those proceeds.

The appellant points out that the final decree of the Superior Court entered on November 10, 1933, was ap-

pealable on December 1, 1933, since the preceding day was Thanksgiving Day, a legal holiday. G. L. (Ter. Ed.) c. 4, § 7, Eighteenth, § 9; c. 214, § 19. *Grant* v. *Pizzano,* 264 Mass. 475, 477. *Marcellino, petitioner,* 271 Mass. 323. She contends that merely by claiming an appeal on that day she vacated that final decree, and thus destroyed its effect as an adjudication, though no further steps were taken to complete the appeal. We need not consider whether the final decree could be vacated by anything less than the entry in this court of a valid appeal. G. L. (Ter. Ed.) c. 214, §§ 19, 21, 22, 26; c. 231, § 135. *Carilli* v. *Hersey,* 303 Mass. 82, 84. *Nelson* v. *Bailey,* 303 Mass. 522, 525–526. See *Gray* v. *Gray,* 150 Mass. 56, under earlier statutes. Neither need we consider whether in this Commonwealth a decree which may perhaps be reversed on appeal, but which has not been reversed nor even vacated, may support a plea of *res judicata. Straus* v. *American Publishers' Association,* 201 Fed. 306, 310. *E. I. DuPont de Nemours & Co.* v. *Richmond Guano Co.* 297 Fed. 580, 583. *Mutual Life Ins. Co.* v. *Lipp,* 28 Fed. (2d) 863. *Silent Automatic Sales Corp.* v. *Stayton,* 45 Fed. (2d) 476. *Roberts* v. *Anderson,* 66 Fed. (2d) 874. *Coppedge* v. *Clinton,* 72 Fed. (2d) 531. *Sprague Specialties Co.* v. *Mershon,* 73 Fed. (2d) 379. *Cohen* v. *Superior Oil Corp.* 90 Fed. (2d) 810. *Reed* v. *Allen,* 286 U. S. 191, 81 A. L. R. 703, and note. See *Gifford* v. *Whalon,* 8 Cush. 428; *Faber* v. *Hovey,* 117 Mass. 107; *New York Central & Hudson River Railroad* v. *T. Stuart & Son Co.* 260 Mass. 242, 248.

What we deem conclusive against the prosecution of this suit by the appellant is that the decree in the probate accounting gave to the appellant her share of the proceeds of the land, and precluded any attempt by her to obtain in addition her original share of the land itself.

*Decree affirmed with costs.*