JESSE K. BROWN *vs.* MASSACHUSETTS PORT AUTHORITY.

Suffolk.    December 3, 1975. — November 26, 1976.

Present: HENNESSEY, C.J., QUIRICO, KAPLAN, & WILKINS, JJ.

Contempt.    *Equity Pleading and Practice,* Appeal, Decree.    *Practice, Civil,* Appeal, Judgment.    *Words,* "Vacate."

The entry of an appeal in this court from a final decree of the Superior Court ordering the defendant to produce certain script tickets vacated the Superior Court decree, and the defendant could not be held in contempt for destroying the tickets during the pendency of the appeal. [399-403]

BILL IN EQUITY filed in the Superior Court on May 21, 1973.

The suit and a subsequent contempt proceeding were heard by *Ford, J.*

The Supreme Judicial Court granted a request for direct appellate review.

*David B. Kaplan (Joseph G. Abromovitz* with him) for the plaintiff.

*George W. Stuart* for the defendant.

QUIRICO, J.   This is an appeal from a judgment of the Superior Court dismissing the plaintiff's petition for an adjudication of contempt against the Massachusetts Port Authority (Authority). For the reasons stated below we affirm the judgment.

On May 11, 1973, at approximately 4 P.M., the plaintiff was driving north on the Maurice J. Tobin Memorial Bridge when a steel wheel from an unidentified tractor-trailer truck crashed through the windshield of his automobile and seriously injured him. The bridge is operated by the Authority. On May 21, 1973, the plaintiff's attorney brought a bill of discovery in his own name[1] to compel production of toll receipts and tickets (sometimes hereafter referred to as script tickets) collected on the bridge between 3:30 P.M. and 4:30 P.M. on the day of the accident. The bill alleged that examination of these receipts and tickets might disclose the identity of the vehicle responsible for Brown's injuries. The defendant's demurrer to the bill was overruled and a decree pro confesso was entered upon the defendant's failure to make a timely answer. On September 17, 1973, the trial judge entered a final decree for the plaintiff which stated, in relevant part, that

---

[1] Until the time of entry of judgment after rescript in our earlier opinion, *Wolfe* v. *Massachusetts Port Authority,* 366 Mass. 417 (1974), all pleadings, decrees, and orders were filed on behalf of the plaintiff in the name of Robert S. Wolfe, an attorney in the firm representing the plaintiff. Our opinion modified the decrees previously entered "by substituting Jesse K. Brown, the true party in interest, for Robert S. Wolfe as the plaintiff." *Id.* at 423. The contempt action before us has been litigated in the name of Jesse K. Brown.

"it is ORDERED, ADJUDGED AND DECREED that the bill be and hereby is allowed and the Respondent ordered to produce all script tickets issued by the ... Authority which were given to toll booth attendants employed by the ... Authority serving on the Tobin Bridge between 3:30 P.M. and 4:30 P.M. on May 11, 1973 by truck operators." The Authority appealed from the interlocutory decree overruling its demurrer, from the entry of the decree pro confesso, and from the final decree.

On December 21, 1973, the three appeals were consolidated and entered in the Appeals Court and then transferred to this court on our own initiative. On November 27, 1974, we affirmed the rulings and decision of the trial judge granting discovery. *Wolfe* v. *Massachusetts Port Authority*, 366 Mass. 417 (1974).

The plaintiff thereafter asked the Authority to comply with our decision and was informed that the script tickets had been destroyed by incineration on November 13, 1974. After receiving this information, the plaintiff moved for entry of judgment after rescript which motion was allowed on February 6, 1975. The plaintiff then filed a petition for contempt alleging that the destruction of the script tickets violated the final decree of September 17, 1973, issued by the trial judge. This petition was heard by the same judge who had entered the final decree ordering discovery. He dismissed the petition because "the defendant was not subject to any order of the court after appeal was entered and prior to the entry of final judgment after rescript." The plaintiff's appeal from the dismissal of his petition for contempt is now before us.

Both parties argue, and we agree, that this dispute turns principally on whether the defendant was subject to an outstanding order of court at the time the script tickets were destroyed.[2] For purposes of this litigation, we accept

[2] In his brief the plaintiff argues that the Authority's failure to produce the tickets in compliance with the final decree of the Superior Court "presented additional grounds for an adjudication of contempt." Since both the destruction of the tickets and the failure to produce them occurred between the entry of the appeal in the Appeals Court

the argument of the parties that it must appear that a defendant has violated a court order or decree before he may be held in contempt. Contra, *Scola* v. *Scola*, 318 Mass. 9, 11 (1945). Since we hold that the Authority was not subject to an effective order prohibiting destruction of the script tickets at the time that it did so, we need not consider whether the destruction of the records in the circumstances of this case would have constituted contempt if there had been such an order. Nor need we consider the difficult question of the appropriate measure of damages for such a contempt.

The defendant's appeal from the decree allowing the bill of discovery was claimed and docketed before July 1, 1974. Under Mass. R. Civ. P. 1A, par. 7, 365 Mass. 731 (1974) ("review of . . . all appeals claimed before July 1 [1974], shall follow pre-July 1 procedure"), we must determine whether an order of court was violated by looking to our equity practice in effect before the adoption of the new Rules.[3]

General Laws c. 214, § 19 (repealed by St. 1973, c. 1114, § 62), was the statute relating to an appeal from a final decree in equity in effect prior to July 1, 1974. It provided, in relevant part, that "[a] party aggrieved by a final decree . . . of the superior court may, within twenty days after the entry thereof, appeal therefrom. . . . [A]n appeal from a final decree of the superior court shall be entered in the supreme judicial court. The completion of an appeal hereunder shall be governed by section one hundred and thirty-five of chapter two hundred and thirty-one. *When such appeals have been entered as aforesaid, all proceedings under such decree shall be stayed,* and the cause shall

---

and the entry of final decree after rescript, this additional allegation, not contained in the plaintiff's petition, furnishes no separate ground for decision.

[3] For current practice under the rules, see Mass. R. Civ. P. 62 (a)-(d), 365 Mass. 829 (1974); *Commonwealth* v. *707 Main Corp., ante,* 374, 377 n.2 (1976); 11 C.A. Wright & A.R. Miller, Federal Practice and Procedure §§ 2901-2905 (1973); 7 J. Moore, Federal Practice pars. 62.03, 62.05, 62.06 (2d ed. 1975).

thereupon be pending before the full court, which shall hear and determine the same, and affirm, reverse or modify the decree appealed from" (emphasis added).[4]

The parties dispute the meaning of the statutory language that "all proceedings under such decree shall be stayed." The trial judge ruled, as the defendant contends, that entry of an appeal in the Appeals Court vacates the final decree from which the appeal was taken. The plaintiff in his brief argues that "Entry of an Appeal in the Appeals Court does Not Vacate the Final Decree from which the Appeal was Taken but merely Stays Compliance with the Directives of the Final Decree Pending the Appeal." The plaintiff, acknowledging that our prior decisions speak of an appeal vacating the earlier decree, makes two further arguments. First, he asserts that "vacate" means cancel, void, or annul, all meanings inconsistent with "stay" which he defines to mean "suspend" as used in the statute. Second, he argues that to read G. L. c. 214, § 19, to mean that entry of the appeal "cancels" the decree appealed from "seemingly render[s] powerless the decrees of the Superior Courts of this Commonwealth." If this case presented a matter of first impression, the plaintiff's argument would be a possible reading of the statute. However, the entire statutory scheme and our prior decisions suggest that this novel reading is incorrect.

Our decisions have uniformly described the effect of the entry of an appeal from a final decree as "vacating" the decree. We said in *Lowell Bar Ass'n* v. *Loeb*, 315 Mass. 176, 189 (1943), that "[t]he final decree becomes effective as soon as entered [in the Superior Court]. The final decree is vacated (*New York Central & Hudson River Rail-*

---

[4] Statute 1972, c. 740, § 1, created the Appeals Court. While G. L. c. 214, § 19, was not amended and did not expressly state that proceedings shall be stayed on entry of an appeal in the Appeals Court, that is a necessary implication from the entire statutory scheme creating that court. See G. L. c. 211A, § 10, which requires that appellate review of decisions of the Superior Court shall be made in the first instance by the Appeals Court, with certain exceptions not here relevant. We treat G. L. c. 214, § 19, and prior decisional law thereunder, as fully applicable to entry of an appeal in the Appeals Court.

*road* v. *T. Stuart & Son Co.* 260 Mass. 242, 248 [1927], and other cases cited below), and proceedings under it are stayed (G. L. [Ter. Ed.] c. 214, § 19), only upon the conjunction of two things, (a) an appeal therefrom seasonably claimed by one having a right to appeal, for if claimed too late or by one without right the appeal will be dismissed, leaving the final decree in full force . . .; and (b) the entry of that appeal in this court. *Carilli* v. *Hersey*, 303 Mass. 82, 84 [1939]. *Nelson* v. *Bailey*, 303 Mass. 522, 526 [1939]. *Dudley* v. *Sheehan Construction Co.* 305 Mass. 144, 146 [1940]" (footnote omitted). *Stow* v. *Marinelli*, 352 Mass. 738, 743 (1967), and *Nagle's Case*, 310 Mass. 193, 197 (1941), also speak of the entry of an appeal vacating a decree.

The familiar meaning of "vacate" is shown in *Lee* v. *Fowler*, 263 Mass. 440 , 444 (1928), in the somewhat different context of a motion to vacate a judgment. In that case we said that "[a]fter the vacation of the judgment the case stood as if no judgment had been entered." Similarly, the vacation of a final decree in equity on the entry of an appeal would leave the case as if no decree had been entered. It seems clear that the many decisions cited above intended this meaning.

The plaintiff in effect asks us to rule that "vacate," as used in our prior cases, does not mean "vacate," but rather something different. He disputes the meaning of "vacate" as used in these cases; he argues that the court was speaking of the transfer of jurisdiction over the case from the trial court to the appellate court with a corresponding lack of further power in the trial court to act on the case. That may be a true reading of the holding in *Nelson* v. *Bailey*, 303 Mass. 522, 526 (1939), but it is not an adequate explanation of the other cases.

We most recently discussed this question in *Stow* v. *Marinelli*, 352 Mass. 738, 743-744 (1967). The town had obtained a final decree enjoining the defendants from removing earth without a permit; the defendants claimed a timely appeal. Before the appeal was entered in this court, the defendants continued their earth removal opera-

tions in alleged violation of the decree. The town brought a petition for contempt which the defendants opposed on the basis that taking the appeal vacated the decree. This court affirmed the trial judge's ruling that the taking of the appeal, prior to entry in the appellate court, did not stay the decree. "When the acts which gave rise to the contempt petition occurred an appeal had been claimed but it had not been entered in this court. The decree, therefore, was in full force and effect and the conduct of [the defendants] was a palpable violation of it." *Ibid.* The narrow holding of the case is that before entry of an appeal in this court, the decree entered in the Superior Court remains in effect. It leads directly to the question presented by this case. The *Stow* case clearly suggests that if the appeal had been entered, the decree would have been vacated and contempt would not lie.

An exhaustive discussion of the many cases cited above is not necessary. We have examined them, and are convinced that this court meant "vacate" when it said "vacate." We find the plaintiff's attempts to distinguish this long line of authority to be without merit.

Two reasons beyond this case law support the result that entry of an appeal vacates the decree appealed from. It has been a long-standing requirement that even when a final decree is upheld on appeal, a new final decree must be entered in the trial court after our rescript. *Carilli* v. *Hersey,* 303 Mass. 82, 84 (1939). *Boston* v. *Santosuosso,* 308 Mass. 189, 194 (1941). See *New York Cent. & Hudson River R.R.* v. *T. Stuart & Son. Co.,* 260 Mass. 242, 248 (1927). In *Sunter* v. *Sunter,* 204 Mass. 448, 453 (1910), we said that "[a]fter an appeal from a final decree a new decree has to be entered whether the decree appealed from was right or wrong." This requirement of the entry of a new final decree is inconsistent with the plaintiff's suggestion that the appeal does not vacate, but merely suspends compliance with the original final decree. There would be no need of entry of a new final decree following rescript if the original decree had remained in effect. We reject the plaintiff's suggestion that entry of appeal places

a final decree in a peculiar state of dormancy which binds the defendant, later mysteriously returns to potency, yet does not conflict with the second final decree which must be entered after rescript.

Another reason supporting this result is the availability of interim relief pending an appeal. As we pointed out in *Stow* v. *Marinelli,* 352 Mass. 738, 744 (1967), quoting from *Lowell Bar Ass'n* v. *Loeb,* 315 Mass. 176, 189-190 (1943), "As soon as an appeal has been claimed, and before the final decree is vacated by entry of the appeal in this court, a statutory power arises in the court that entered the decree and also in this court, to grant any needed injunction and to make any other proper interlocutory order pending the appeal. G. L. (Ter. Ed.) c. 214, §§ 21, 22." See *Carlson* v. *Lawrence H. Oppenheim Co.,* 334 Mass. 462, 465 (1956). A reading of our pertinent cases and statutes, many of which are cited in L.A. Reed, Equity Pleading and Practice § 1078 (1972), Vacation of Final Decree by Entry of Appeal in the Supreme Judicial Court, would have alerted the plaintiff to the necessity of applying for interim relief after the entry of the defendant's appeal. General Laws c. 214, § 21 (repealed by St. 1973, c. 1114, § 62), provided: "Upon an appeal from a final decree, the justice of either court by whom it was made may make such orders ... of injunction or prohibition, or for continuing the same in force, as are needful for the protection of the rights of parties, until the appeal shall be heard by the full court, subject to be modified or annulled by the order of the full court, upon motion, after the appeal is taken." General Laws c. 214, § 22 (repealed by St. 1973, c. 1114, § 62), stated that "[a]fter an appeal has been taken from a decree of the superior court, ... the supreme judicial court may, by an order, on terms or otherwise, suspend the execution or operation of the decree appealed from, pending the appeal, and may modify or annul any order made for the protection of the rights of the parties, pending the appeal...."

The plaintiff argues that he should not be required to seek relief under G. L. c. 214, § 21, because he was the

prevailing party and therefore was not "needful" of protection. The plaintiff rather contends that the defendant was obliged to seek relief under G. L. c. 214, § 22, because the Authority was aggrieved by the entry of the final decree. Without deciding in every case who has the affirmative duty to seek relief pending appeal of a final decree, we find that the availability of relief pending appeal, conjoined with our well established rule that entry of appeal vacates the decree, placed the burden on the plaintiff in this case.

We have described G. L. c. 214, §§ 21, 22, as merely part of the "remedies available in the regular course of equity proceedings to preserve the status quo upon conditions." *McNeely* v. *Board of Appeal of Boston*, 358 Mass. 94, 110 (1970). The defendant upset the status quo, but only after the decree binding him was vacated by entry of appeal. The existence of these remedies is a full rejoinder to the plaintiff's assertion that affirming the trial judge's ruling would "render powerless the decrees of the Superior Courts." It was thus incumbent on the plaintiff to secure interlocutory relief pending final resolution of the dispute by entry of the final decree after rescript.

We do not condone the seemingly irresponsible action of the Authority in destroying the script tickets that were the subject of pending litigation. Nor do we overlook the plaintiff's significant difficulties in proving that the action by the Authority in destroying the script tickets was the proximate cause of any damages claimed by him. We agree with the holding of the trial judge that the defendant violated no order of court because at the time of the destruction of the script tickets there was no order of court effectively operating on the defendant. Thus the trial judge properly dismissed the petition for contempt.

*Judgment affirmed.*